949 F.2d 396
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gerald BEAVER, Petitioner-Appellant,
v.
Aaron JOHNSON, Secretary of Attorney General of the State of
North Carolina, Respondents-Appellees.
 No. 91-6532.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 3, 1991.
Decided Dec. 12, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Eugene A. Gordon, Senior District Judge. (CA-90-254-2)
 Argued: Paul MacAllister Green, North Carolina Prisoner Legal Services, Inc., Raleigh, N.C., for appellant.
 Richard Norwood League, Special Deputy Attorney General, Raleigh, N.C., for appellees.
 On Brief: Lacy H. Thornburg, Attorney General of North Carolina, Raleigh, N.C., for appellees.
 M.D.N.C.
 AFFIRMED.
 Before HALL, Circuit Judge, BUTZNER, Senior Circuit Judge, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Gerald W. Beaver appeals from the dismissal below on state exhaustion grounds of his petition for a writ of habeas corpus. Petitioner was convicted by a North Carolina jury of sexual assault and burglary. He unsuccessfully appealed his conviction through the state courts, alleging that the trial judge's inquiry regarding the numerical division of the jurors during their deliberation was unduly coercive. Beaver subsequently sought a writ of habeas corpus in the Middle District of North Carolina, and a United States magistrate judge recommended that Beaver's petition be dismissed for failure to exhaust his state remedies. The presiding district judge concurred and adopted the magistrate judge's recommendation.
 
 
 2
 That recommendation noted that the North Carolina Supreme Court in Beaver used a totality-of-the-circumstances analysis in determining that the judge's interactions with the jury were not improperly coercive. See State v. Beaver, 322 N.C. 462 (1988). The case of State v. Fowler, 312 N.C. 304 (1984), was cited in Beaver as a source of that court's totality-of-the-circumstances test. The magistrate in his recommendation found that the test was a matter of state law.
 
 
 3
 Beaver appeals, arguing that he did exhaust his state remedies. He claims that he did so first, because he relied upon Fowler, which employed a federal constitutional analysis, and second, because the claim of constitutional error as presented "naturally calls to mind, and is generally recognized to implicate, specific federal constitutional guarantees." Brief of Petitioner at 6. The Fowler decision addressed three issues. First, the North Carolina Supreme Court determined that Brasfield v. United States, 272 U.S. 448 (1926), and Burton v. United States, 196 U.S. 283 (1905), which hold that a judge's inquiry into the division of a jury constitutes reversible error, were premised on the Supreme Court's supervisory power over the federal courts and were not therefore constitutional decisions binding on the state courts through the incorporation doctrine. See Fowler, 312 N.C. at 307. Second, it held that such inquiries were not per se violative of Article I, section 24 of the North Carolina constitution, and that the appropriate inquiry was whether under the totality of the circumstances the inquiry was coercive. Id. at 308. Third, it held that under the totality of the circumstances, the trial court's inquiry was not coercive. Id.
 
 
 4
 Beaver argues that he raised his constitutional claim in his brief before the North Carolina Supreme Court in the following sentence: "In determining whether a jury's verdict was the product of undue coercion, it is necessary to inquire into the totality of the circumstances. State v. Fowler, 312 N.C. 304, 322 S.E.2d 389 (1984)." He claims that because Fowler cites this court's decision in Ellis v. Reed, 596 F.2d 1195 (4th Cir.), cert. denied 444 U.S. 973 (1979), he has invoked a federal totality of the circumsances test.
 
 
 5
 We reject this position. Nothing in the Fowler opinion suggests that it was considering a federal claim when it cited Ellis. Moreover, in the final portion of the opinion, which applied the totality of circumstances test, the Fowler court stated, "Having resolved the constitutional questions, we next consider whether in the totality of the circumstances the trial court's question concerning the divisions of the jury was coercive." The Fowler court believed that it had addressed three issues only: whether Brasfield and Burton were binding on North Carolina courts, whether numerical division inquiries were per se violative of the North Carolina constitution, and whether under the totality of the circumstances the judge's inquiry violated the North Carolina constitution's guarantee of a trial by jury. Moreover, because Beaver's brief before the North Carolina Supreme Court focussed solely on a state law analysis of the totality of the circumstances of the Beaver jury's deliberation, no federal constitutional issue was made evident by petitioner during the state appeal. See West v. Wright, 931 F.2d 262 (4th Cir.1991). Under these circumstances, the North Carolina Supreme Court in Beaver can not be held to have been apprised of a sixth amendment claim. The North Carolina courts simply did not have a "fair opportunity" to consider the federal constitutional issue purportedly raised by petitioner in the state system. Picard v. Connor, 404 U.S. 270 (1971); Anderson v. Harless, 459 U.S. 4 (1982) (per curiam).
 
 
 6
 Beaver also asks this court to follow the Second Circuit's decision in Daye v. Attorney General of New York, 696 F.2d 186 (2nd Cir.) (en banc), cert. denied, 464 U.S. 1048 (1984), holding that a claim is exhausted in compliance with Picard and Harless even if there is no citation to the United States Constitution. Under Daye, this can occur if the claim is presented to the state courts "in terms so particular as to call to mind a specific right protected by the Constitution," or includes an "allegation of a pattern of facts that is well within the mainstream of constitutional litigation," or if citations to "state precedents that employ pertinent constitutional analysis [have] adequately put the state courts on notice of the constitutional thrust of his claim. 696 F.2d at 193-94. This court notes only that for the reasons stated above, even if it were to adopt and apply the Daye test, appellant fails to satisfy it.
 
 
 7
 AFFIRMED.