## STATE v. JAMES CLIFFORD ROBERTS.

(Filed 24 May, 1967.)

**1. Rape § 18—**

In a prosecution of defendant for a felonious assault of a ten year old child, nonsuit of the case cannot be properly entered if there is sufficient evidence of defendant's guilt of any offense included in the indictment.

**2. Indictment and Warrant § 9—**

A blank left in the indictment as to the year the offense was committed should be filled in prior to the submission of the indictment to the grand jury.

**3. Criminal Law § 16—**

Upon poll of the jury, one juror stated he did not assent to the verdict. The court instructed the jury that he was going to ask that the jury again retire and "consider the case until you reach a unanimous verdict." *Held:* The instruction might reasonably be construed by a member of the jury that he should surrender his well-founded convictions conscientiously held or his free will and judgment in deference to the views of the majority, and constitutes prejudicial error.

APPEAL by defendant from *McKinnon, J.,* 31 October 1966 Criminal Session of DURHAM.

Criminal prosecution upon an indictment that charges the defendant, James Clifford Roberts, "on the 26th day of April, A.D. 196...." *(sic)* with feloniously assaulting Donna Forsythe, a female, with intent by force and against her will to ravish and carnally know her.

Defendant, by his court-appointed attorney Alwood B. Warren, entered a plea of not guilty. Verdict: Guilty as charged.

From a judgment of imprisonment in the State's prison for a term of not less than 42 months and not more than 8 years, defendant appeals.

*Attorney General T. W. Bruton, Deputy Attorney General Harrison Lewis, Assistant Attorney General Henry T. Rosser, and Staff Attorney Kent Lively for the State.*

*Alwood B. Warren for defendant appellant.*

PER CURIAM. Donna Forsythe, ten years old, was examined on the *voir dire* in respect to her competency as a witness. Her testimony clearly showed that she was competent, the judge so found, and the defendant did not except. Donna Forsythe, in the presence of the jury, testified in brief substance, except when quoted, as follows: About 2:30 P.M. on 26 April 1966, she was walking home from school in the city of Durham. She first saw the defendant on the other side of the sidewalk. He was walking. She turned down a dirt road because that was the shortest way to get home. Defendant followed her down the dirt road, placed his arms around her shoulders, and put his hand under her dress. When he put his hand under her dress, she told him to leave her alone. He held her about two minutes, shoved her over into some bushes, and then turned her loose, saying "If that is the way you want to be, I will turn you loose." She started going up the street, and he followed her. She ran home and told her mother.

The State presented evidence; the defendant did not. Defendant assigns as error the denial of his motion for a judgment of compulsory nonsuit made at the close of the State's evidence. The State's evidence leaves us with considerable doubt as to whether the defendant had the intent at any time to have sexual intercourse with this child below the age of consent. *S. v. Lucas,* 267 N.C. 304, 148 S.E. 2d 130. On the record before us it is not necessary to decide if the State's evidence is sufficient to carry the case to the jury on the felony charge in the indictment, for the reason defendant has no assignment of error in the record presenting that precise point for decision. The court properly denied the motion for judgment of compulsory nonsuit, because the State has plenary evidence tending to show that defendant unlawfully and wilfully committed an assault on the female child Donna Forsythe, who was ten years old on 26 April 1966.

The indictment here alleges that the offense was committed "on the 26th day of April, A.D. 196....." We do not approve of such careless pleading.

The jury, after deliberating about one hour and ten minutes after the judge's charge, returned to the courtroom and stated they would like to hear the testimony of Donna Forsythe, while she was on the stand, read. After this request, the court advised the jury that it was going to recess for lunch and that when it returned their re-

STATE v. ROBERTS.

quest would be considered by the court. After the court reconvened, the court granted their request. After this testimony was read, the jury retired to deliberate further. After deliberating about one hour and a half, the jury returned into open court with a verdict of "guilty as charged." Counsel for defendant moved that the jury be polled. Upon the polling of the jury by the clerk, one juror stated that he did not assent to the verdict, whereupon the court instructed the jury as follows: "Now, gentlemen, I instructed you previously the verdict of a jury must be unanimous. That is, all twelve of you must agree to a verdict, and until you do it cannot be accepted as a verdict by the court. For that reason, I am going to have to ask that you deliberate and consider the case further. If there are any further questions you have at this time, I will be glad to consider them. If there are not, *I am going to ask that you again retire and consider the case until you reach a unanimous verdict.* You may retire for that purpose." (Emphasis ours.) Defendant excepted.

After this additional charge, the jury retired; and, after deliberating about twenty minutes, announced to the court that they had not yet reached a verdict. Court was recessed for the evening. Upon reconvening the following morning, the jury deliberated about one hour and twenty minutes and returned into open court with a verdict of "Guilty as charged."

The defendant assigns as error this additional charge to the jury quoted above.

Defendant contends that the charge of the judge, to wit, "I am going to ask that you again retire and consider the case until you reach a unanimous verdict", was coercive and intimidating, and compelled an unwilling juror to surrender his unfettered and unbiased judgment and reach a verdict of "guilty as charged." This assignment of error is good. "The trial judges have no right to coerce verdicts or in any manner, either directly or indirectly, intimidate a jury." *Trantham v. Furniture Co.,* 194 N.C. 615, 140 S.E. 300. The learned trial judge inadvertently failed to instruct the jury that no one of them should surrender his conscientious convictions or his free will and judgment in order to agree with a majority of the jurors upon a verdict. The challenged instruction might reasonably be construed by the member of the jury unwilling to find the defendant guilty as charged as coercive, suggesting to him that he should surrender his well-founded convictions conscientiously held or his own free will and judgment in deference to the views of the majority and concur in what is really a majority verdict rather than a unanimous verdict. *S. v. McKissick,* 268 N.C. 411, 150 S.E. 2d 767, and cases cited. For this error, the defendant is entitled to a

New trial.