STATE OF NORTH CAROLINA v. BOBBY DEAN HUFF

No. 7417SC80

(Filed 6 February 1974)

1. Automobiles § 126; Criminal Law § 64— opinion testimony as to intoxication — lay witness

In a prosecution for drunken driving, the trial court did not err in permitting two police officers who had observed defendant to give opinions that defendant was under the influence of an intoxicating liquor on the occasion in question.

2. Criminal Law § 122— additional instructions after deliberations had begun

Where the jury had deliberated several hours without reaching a verdict, the trial judge did not err in giving the jury additional instructions in which he admonished the jurors that he did not wish them to do anything against their consciences, instructed the jury that if they were unable to reach a unanimous verdict the case would be recalendared for trial at some future date, and informed the jurors of the proper function of a jury.

APPEAL by defendant from *Winner, Judge,* 30 July 1973 Session of Superior Court held in SURRY County.

This is a criminal action in which the defendant, Bobby Dean Huff, was charged in a warrant, proper in form, with driving a motor vehicle on a public highway while under the influence of intoxicating liquor and operating a motor vehicle at a speed of 100 miles per hour in a 60 mile per hour zone. Upon a verdict of guilty in the District Court, the defendant appealed and was tried by a jury in the Superior Court.

At trial the State offered evidence which tended to show that on 26 November 1972 defendant was operating a motor vehicle on Highway #52 when he was stopped by Officer Garaventa of the North Carolina Highway Patrol. Officer Garaventa testified that he had been following defendant for a short time when the defendant's vehicle suddenly increased its speed to a rate in excess of 100 miles per hour. Upon stopping defendant's vehicle, the trooper observed that defendant had been drinking, and he arrested defendant for operating a motor vehicle while under the influence of intoxicating beverage. The defendant was then taken to the patrol station where he refused to allow patrolman Williams to administer a breathalyzer test. Both Officers testified that based on their observations of defendant that it

was their opinion that the defendant was under the influence of an intoxicating beverage. Defendant offered no evidence.

Having been found guilty of both offenses and sentenced to a prison term of six months, the defendant appealed.

*Attorney General Robert Morgan and Assistant Attorneys General William B. Ray and William W. Melvin for the State.*

*Folger & Folger by Fred Folger, Jr., for defendant appellant.*

HEDRICK, Judge.

[1] By his first two assignments of error the defendant contends that the trial court erred when it permitted the solicitor to ask Officers Garaventa and Williams if they had an opinion as to whether the defendant was under the influence of an intoxicating beverage. It is well-settled in this jurisdiction that a lay witness may give his opinion as to whether a person was under the influence of an intoxicating beverage provided the witness was afforded an opportunity to observe him. *State v. Fletcher* and *State v. St. Arnold,* 279 N.C. 85, 181 S.E. 2d 405 (1971) ; *State v. Warren,* 236 N.C. 358, 72 S.E. 2d 763 (1952) ; *State v. Harris,* 213 N.C. 648, 197 S.E. 142 (1938). In the instant case the questions asked by the solicitor were proper in form and not leading questions as suggested by defendant. These questions established a proper foundaton for the opinion testimony offered by the two witnesses as they included detailed accounts of both witnesses' opportunities to observe defendant. These assignments of error are not sustained.

Defendant's assignments of error 4, 5, and 6 are directed to certain portions of the trial court's charge to the jury. We have carefully examined each exception upon which these assignments of error are based and find that each challenged instruction is lifted out of context. The charge when construed contextually as a whole is fair and free from prejudicial error. *State v. Lee,* 282 N.C. 566, 193 S.E. 2d 705 (1972) ; *Lewis v. Barnhill,* 267 N.C. 457, 148 S.E. 2d 536 (1966) ; 7 Strong, N. C. Index 2d, Trial, § 33 at p. 330 (1968).

[2] Citing *State v. McKissick,* 268 N.C. 411, 150 S.E. 2d 767 (1966) and *State v. Roberts,* 270 N.C. 449, 154 S.E. 2d 536 (1967), the defendant maintains that the trial court erred in its

additional instructions to the jury which instructions were given as a result of the jury deliberating for several hours without reaching a verdict. In substance these additional instructions admonished the jurors that the court did not wish them to do anything against their consciences; instructing the jury that if they were unable to reach an unanimous verdict then the case would be recalendared for trial at some future date; and informed the jurors of the proper function of the jury. It is our opinion that the cases cited by defendant are readily distinguishable from the present case and that the additional instructions in this case are similar to those approved in other decisions of our Supreme Court. See, *In re Will of Hall*, 252 N.C. 70, 113 S.E. 2d 1 (1960); *State v. Bailey*, 280 N.C. 264, 185 S.E. 2d 683 (1971), cert. denied 409 U.S. 948; *Kanoy v. Hinshaw*, 273 N.C. 418, 160 S.E. 2d 296 (1968). This assignment of error is overruled.

In defendant's trial in the Superior Court we find

No error.

Judges CAMPBELL and BALEY concur.