STATE OF NORTH CAROLINA v. MICHAEL COUSIN

No. 39

(Filed 14 April 1977)

1. Criminal Law § 114.3— instructions — State's intention to seek second degree murder verdict — no expression of opinion

In a retrial of defendant for murder in which the State was precluded from retrying defendant for first degree murder because of his conviction at his first trial of second degree murder, the trial court did not express an opinion as to the reason the State proceeded on the charge of second degree murder by instructing that the district attorney had announced that the State would not seek a verdict of guilty of first degree murder but would seek a verdict of guilty of second degree murder.

2. Criminal Law § 122.2— additional instructions — calling jury back at certain time — verdict not coerced

The trial court did not restrict the jury's time for deliberations and thus coerce a verdict where the court, after giving requested additional instructions at 5:00 p.m., asked the jury "What is your pleasure?" and was told that the jury wished to retire to the jury room, stated to the jury that it should take its time and not hurry, and then stated that he would call the jury back at 5:30, since the court merely sought to ascertain whether the jury wished to recess at that time or continue their deliberations until the usual recess hour of 5:30.

APPEAL by defendant from *Lee, J.,* 26 July 1976 Session of ORANGE County Superior Court.

This is the second time that this case has been before this Court. At the first trial defendant was charged with murder in the first degree and the jury returned a verdict of guilty of

murder in the second degree. Defendant appealed and we granted a new trial for error in the charge. *State v. Cousins,* 289 N.C. 540, 223 S.E. 2d 338. This case is now before us on defendant's appeal from his second trial wherein the court submitted to the jury the charges of murder in the second degree and voluntary manslaughter. The assignments of error presented by this appeal do not require recitation of the facts, which are substantially the same as those recorded in *State v. Cousins, supra.* We think it sufficient to say that there was ample evidence to support the jury's verdict of murder in the second degree.

The jury returned its verdict of guilty of murder in the second degree at 5:25 p.m. on 1 July 1975 and Judge E. S. Preston, Jr., continued prayer for judgment until 9:30 a.m. on the following morning. At the appointed time the district attorney prayed for judgment and it was disclosed that defendant had fled. The trial judge continued prayer for judgment until defendant could be brought before the Superior Court of Orange County to the end that the State might pray judgment on the verdict. Judge Thomas Lee, presiding at a regular criminal session of Orange County Superior Court, imposed a sentence of life imprisonment upon defendant on 29 July 1976.

*Attorney General Edmisten, by Assistant Attorney General Isham B. Hudson, Jr., for the State.*

*Barry T. Winston, for defendant.*

BRANCH, Justice.

[1] Defendant contends that the trial judge violated the provisions of G.S. 1-180 by expressing an opinion in that he incorrectly charged the jury as to the reason the State did not seek a verdict of murder in the first degree.

Defendant relies on the well-recognized rule that every person charged with a crime has a right to a trial before an impartial judge and an unprejudiced jury in an atmosphere of judicial calm. *State v. Canipe,* 240 N.C. 60, 81 S.E. 2d 173. G.S. 1-180 forbids any intimation of the trial judge's opinion in any form whatsoever. *State v. Simpson,* 233 N.C. 438, 64 S.E. 2d 568.

Before the introduction of evidence in instant case Mr. Wannamaker, the Assistant District Attorney, read the bill of

State v. Cousin

indictment charging defendant with murder in the first degree and stated:

> Let me announce at the outset, Your Honor, that the State is pursuing this offense in the form of second degree murder. . . .

Defense counsel, without any objection or request for a clarification as to the reason the State so proceeded, entered a plea of not guilty to the charge of second-degree murder.

Judge Preston commenced his charge to the jury by stating:

> Ladies and Gentlemen of the Jury:

> The defendant, Michael Cousin, is being tried by the State of North Carolina upon a bill of indictment returned by the Grand Jury of Orange County charging said defendant with the offense of first degree murder, this offense alleged to have occurred in this county on the 2nd day of March, 1975.

> At the outset of this trial, the District Attorney announced that the State would not seek a verdict of guilty of first degree murder but that the State would place the defendant on trial and seek a verdict of guilty of the crime of second degree murder.

Defense counsel at this point did not object or request any clarification of the introductory instruction.

> It is true that defendant's prior conviction of second-degree murder upon a bill of indictment charging murder in the first degree was an implicit acquittal of the charge of murder in the first degree precluding a second trial on that charge. *Benton v. Maryland,* 395 U.S. 784, 23 L.Ed. 2d 707, 89 S.Ct. 2056; *Green v. United States,* 355 U.S. 184, 2 L.Ed. 2d 199, 78 S.Ct. 221; *State v. Pearce,* 266 N.C. 234, 145 S.E. 2d 918; *State v. Birckhead,* 256 N.C. 494, 124 S.E. 2d 838. This record does not disclose that Judge Preston expressed an opinion as to the *reason* the State proceeded on the charge of murder in the second degree. To the contrary, the judge's initial instruction was merely an introductory repetition of the District Attorney's unchallenged statement concerning the charge upon which the State would proceed.

The purposes of the trial judge's charge to the jury are to clarify the issues, eliminate extraneous matters and declare and explain the law arising on the evidence. 7 N. C. Index 2d, Trial, § 32. Obviously, the instruction was given for the purpose of clarifying and arraying the matters which the jury should consider so that the law could be concisely declared and applied to the facts of the case.

We hold that the trial judge did not express an opinion in the challenged instruction.

[2]   Defendant next argues that Judge Preston coerced a verdict against him by charging the jury as to the amount of time they had to deliberate. We disagree.

The trial judge has no right to coerce a verdict or in any way to intimidate a jury. A charge which might be reasonably construed by a juror as requiring him to surrender his well-founded convictions or his own will or judgment to the views of the majority is erroneous. *State v. Roberts,* 270 N.C. 449, 154 S.E. 2d 536; *State v. McKissick,* 268 N.C. 411, 150 S.E. 2d 767. On the other hand, we have held that an instruction that "we have until Friday night for you to work on this case and no reason to hurry the matter" was not coercive. *State v. McVay* and *State v. Simmons,* 279 N.C. 428, 183 S.E. 2d 652. *See also State v. Gresham,* 290 N.C. 761, 228 S.E. 2d 244; *State v. Green,* 246 N.C. 717, 100 S.E. 2d 52.

Defendant relies upon *State v. Carter,* 233 N.C. 581, 65 S.E. 2d 9, which contains the following language:

The bare possibility, however, that an accused may have suffered prejudice from the conduct or language of the judge is not sufficient to overthrow an adverse verdict. *S. v. Jones,* 67 N.C. 285. The criterion for determining whether or not the trial judge deprived an accused of his right to a fair trial by improper comments or remarks in the hearing of the jury is the probable effect of the language upon the jury. *S. v. Ownby,* 146 N.C. 677, 61 S.E. 630. In applying this test, the utterance of the judge is to be considered in the light of the circumstances under which it was made. This is so because "a word is not a crystal, transparent and unchanged; it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used." . . .

State v. Cousin

We look to the language of the trial judge and the circumstances under which the challenged statements were made. On Thursday, 1 July 1976, after about one hour of deliberation, the jury returned and asked for additional instructions. When the additional instructions were completed, the following exchange took place between the judge and the jury:

All right. Mr. Wannamaker? All right, sir. Now Ladies and Gentlemen of the Jury, it is 5:00 o'clock. What is your pleasure?

JURY FOREMAN: We wish to retire to the jury room.

All right. Of course, this is an important case; of course, you should take your time. Deliberate means, in essence, take your time and do it orderly and don't rush. If you wish to return to your jury room I will let you do this, and I will call you back at 5:30.

The more reasonable interpretation to be placed upon this exchange is that the trial judge sought the wishes of the jurors as to whether they wished to recess at that time or continue their deliberations until the usual recess hour of 5:30. Upon hearing the foreman's response the judge's rejoinder was not coercive, but merely indicated his assent to the wishes of the jury. It would require some creative imagination to transform the trial judge's inquiry and his admonition "not to rush" into words of coercion and intimidation. Further, there is nothing in this record which indicates that the jury was unable to duly reach a verdict so as to necessitate any urging or suggestion from the trial judge concerning their failure to reach a verdict.

Our careful examination of this record discloses that defendant was accorded a fair trial which was free of prejudicial error.

No error.