STATE OF NORTH CAROLINA v. GERALD WAYNE BEAVER

No. 383A87

(Filed 2 June 1988)

Criminal Law § 122.2— jury deliberations—inquiries by court—no coercion

The trial court did not coerce a jury into reaching a verdict in a prosecution for first degree rape, first degree sexual offense, and first degree kidnapping where the record shows that the court was at all times polite to the jury; it did not intimate that it would be displeased with them if the jury failed to reach a verdict; it did not threaten to hold them on the jury for any length of time if they did not reach a verdict; and it did not tell them every trial would be a burden on the court system. The fact that the jury deliberated for a considerable length of time and into the weekend, the several inquiries made of the jury by the court, the length of time the jury deliberated relative to length of trial and the fact that the numerical division was reported at one point as being eleven to one do not show that there was coercion. N.C.G.S. § 15A-1235(b).

APPEAL by defendant pursuant to N.C.G.S. § 7A-27(a) from judgments imposing concurrent life sentences entered by *Battle, J.,* at the 5 May 1987 Criminal Session of Superior Court, ALAMANCE County. Heard in the Supreme Court 9 May 1988.

The defendant was tried for first degree rape, first degree sexual offense, and first degree kidnapping. The prosecuting witness testified to facts sufficient to submit the case to the jury on all three charges.

The court finished its charge to the jury on Thursday afternoon and the jury began its deliberations on Friday morning. At some time that morning the jury returned to the courtroom and asked to examine some exhibits. The jury, with the consent of counsel, was allowed to take the exhibits to the jury room. At that time the court suggested to the jury that they take a fifteen minute recess. Deliberation by the jury continued after the recess until the court recessed for lunch. The jury resumed its deliberations after lunch.

At some time during the afternoon the court had the jury return to the courtroom and inquired as to their progress. The foreman indicated progress "up to a point, Your Honor, and then it seems like we've run into a stump." The court then instructed the jury in accordance with N.C.G.S. § 15A-1235(b). The jury was then given a recess and resumed its deliberations. The jury was not able to reach a verdict on Friday afternoon and a recess was taken until 9:30 a.m. on Saturday morning.

After the jury began its deliberations on Saturday morning, they returned to the courtroom and requested a dictionary in order to look for a definition of "cunnilingus." The court defined this word for them and they resumed deliberations. Later in the morning the court had the jury return to the courtroom and asked the foreman whether the jury "was making any progress." The foreman said, "We've still got a lot of discussion going on, Your Honor, but I don't know if we're making any progress." The court gave the jury a recess and they then resumed deliberations. Later in the morning the court had the jury return to the courtroom at which time the foreman told the court the jury was making progress. At this time the court ordered a break for lunch.

After the jury had deliberated for some time in the afternoon, the court once again had the jury return to the courtroom to inquire whether they were making progress. The foreman responded in the affirmative. The court ordered the jury to continue its deliberations.

Later in the afternoon the defendant's attorney moved for a mistrial based on the apparent inability of the jury to reach a unanimous verdict after deliberating for a period which, counsel noted, had lasted longer than the time required for the presentation of the evidence. The court then had the jury return to the

courtroom and inquired as to their progress. The foreman said, "I guess I keep lying to you, but I think we are." The court then asked for the numerical division and the foreman responded "eleven to one." The court again asked if the foreman felt that the jury might reach a decision and the foreman said, "We think so. We're having a struggle." The jury returned to the jury room and the court denied the defendant's motion for a mistrial. At 5:17 p.m. the jury returned its verdict.

The defendant was found not guilty of rape and guilty of first degree sexual offense and first degree kidnapping. The court imposed life sentences to be served concurrently for each of the crimes for which the defendant was convicted. The defendant appealed.

*Lacy H. Thornburg, Attorney General, by Norma S. Harrell, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by David W. Dorey, Assistant Appellate Defender, for defendant appellant.*

WEBB, Justice.

The defendant's only assignment of error is to what he contends is the court's coercion of the jury into reaching a verdict. He says this was done by the questions and comments of the court to the jury. The question of a court's coercion of a jury to reach a verdict has been considered in several cases. *See State v. Forrest,* 321 N.C. 186, 362 S.E. 2d 252 (1987); *State v. Bussey,* 321 N.C. 92, 361 S.E. 2d 564 (1987); *State v. Fowler,* 312 N.C. 304, 322 S.E. 2d 389 (1984); and *State v. Yarborough,* 64 N.C. App. 500, 307 S.E. 2d 794 (1983). The rule from these cases is that the totality of circumstances will be considered in determining whether the jury's verdict was coerced. An inquiry as to a division, without asking which votes were for conviction or acquittal, is not inherently coercive. Without more, it is not a violation of the defendant's right to a jury trial. Some of the factors considered in the above cases in judging the totality of circumstances are whether the court conveyed an impression to the jury that it was irritated with them for not reaching a verdict, whether the court intimated to the jury that it would hold them until they reached a verdict, and whether the court told the jury a retrial would burden the court system if the jury did not reach a verdict. In this case the

record shows the court was at all times polite to the jury; it did not intimate it would be displeased with them if the jury failed to reach a verdict; it did not threaten to hold them on the jury for any length of time if they did not reach a verdict; and it did not tell them a retrial would be a burden on the court system. We cannot hold, considering the totality of the circumstances, that the court's actions coerced a verdict from the jury.

The defendant contends that the length of time the jury deliberated relative to the length of the trial, the fact that the jury was repeatedly called upon to report its progress in open court, and the deliberations well into the weekend, go to show the jury was coerced. He says that when these factors are added to the fact that one juror had resisted the will of the majority for an extended period of time and was put in a difficult position when the division was announced, it shows there was coercion and there must be a new trial. We have no way of knowing how long the division had been eleven to one and we cannot say that one juror had held out for any length of time. The fact that the jury deliberated for a considerable length of time and into the weekend does not show the court coerced a verdict. The court made several inquiries of the jury because the jury took as much time as it did in the deliberations. The number of inquiries does not show there was coercion.

No error.