STATE OF NORTH CAROLINA v. AARON DEXTER

STATE OF NORTH CAROLINA v. RONALD EDWARD EVANS

STATE OF NORTH CAROLINA v. BRYON KEITH HOWARD

No. COA01-564

(Filed 16 July 2002)

**Jury— deliberations—unanimous verdict—coercive surrounding circumstances**

Defendants in an attempted robbery with a firearm, robbery with a firearm, first-degree kidnapping, assault with a deadly weapon with intent to kill inflicting serious injury, and felonious larceny case are entitled to a new trial based on the coercive circumstances surrounding jury deliberations, because: (1) having notified the trial court on three separate occasions that it was unable to reach a unanimous verdict and not having been given an Allen instruction after its final note to the trial court, the jury could reasonably have concluded that it was required to deliberate until it did in fact reach a verdict; (2) by not addressing a juror's concerns in the presence of the jury concerning whether that juror would receive permission to attend his wife's surgery the next day, that juror may have felt pressured to reach a verdict by the end of the day; and (3) the trial court erred by addressing only two members of the jury when it told them to go back and said that they may want to stay.

Judge HUNTER dissenting.

Appeal by defendants from judgments dated 18 September 2000 by Judge Henry W. Hight, Jr. in Durham County Superior Court. Heard in the Court of Appeals 26 March 2002.

*Attorney General Roy Cooper, by Special Deputy Attorney General W. Richard Moore, for the State as to defendant-appellant Aaron Dexter.*

*Attorney General Roy Cooper, by Assistant Attorney General Gaines M. Weaver, for the State as to defendant-appellant Ronald Edward Evans.*

*Attorney General Roy Cooper, by Assistant Attorney General Fred Lamar, for the State as to defendant-appellant Bryon Keith Howard.*

*Kevin P. Bradley for defendant-appellant Aaron Dexter.*

*Daniel Shatz for defendant-appellant Ronald Evans.*

*Thomas, Ferguson & Charns, L.L.P., by D. Tucker Charns, for defendant-appellant Bryon Keith Howard.*

GREENE, Judge.

Aaron Dexter, Ronald Edward Evans, and Bryon Keith Howard[1] (collectively, Defendants) appeal judgments dated 18 September 2000 entered consistent with jury verdicts finding them guilty of attempted robbery with a firearm, robbery with a firearm, first-degree kidnapping, assault with a deadly weapon with intent to kill inflicting serious injury, and felonious larceny.

Defendants were indicted for offenses committed during the attempted robbery of a Home Depot store and jointly tried before a jury. At 4:15 p.m. on 11 September 2000, the jury began its deliberations. At 3:45 p.m. on 12 September 2000, the trial court received a note from the jury stating: "There are jurors who have consistent, unwavering reasonable doubt. The jury requests guidance at this point." In response to this note, the trial court reinstructed the jury on the State's burden of proof beyond a reasonable doubt. The jury resumed deliberations thereafter. At 11:20 a.m. on 13 September 2000, the jury again submitted a note to the trial court explaining that "[a]t this time [it did] not have a unanimous verdict." The trial court brought the jury back into the courtroom and inquired as to the numerical division of the jurors' votes. The foreperson responded that there was a 10:2 split. The trial court then excused the jury for morning recess. After the recess, the trial court gave the following *Allen* instruction, *see Allen v. United States*, 164 U.S. 492, 41 L. Ed. 528 (1896), and advised the jury of its duties pursuant to N.C. Gen. Stat. § 15A-1235(b):

> Members of the jury, I am going to allow you to resume your deliberations in an attempt to reach and return a verdict. I have already instructed you that your verdict must be unanimous; that is, that each of you must agree on the verdict. I am going to give you some additional instructions.

---

1. We note that the judgments and commitments and the arrest warrant relating to this defendant identify him as Bryon Keith Howard whereas the briefs to this Court refer to him as Byron Keith Howard.

First, it is your duty to consult with one another and to deliberate with a view to[ward] reaching an agreement if it can be done without violence to individual judgment. Second, each of you must decide the case for yourself[,] but only after an impartial consideration of the evidence with your fellow jurors. Third, in the course of your deliberations, you should not hesitate to re-examine your own views and to change your opinion if you become convinced it is erroneous. On the other hand, you should not hesitate to hold to your own views and opinions if you remain convinced they are correct. Fourth, none of you should surrender an honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Now ladies and gentlemen, please be mindful that I am in no way trying to force or coerce you to return or reach a verdict. I recognize the fact that there are sometimes reasons why jurors cannot agree. Through these additional instructions that I have just given to you, I merely want to emphasize that it is your duty to do whatever you can to reason this matter over together as reasonable people and to reconcile your differences if that can be done and it is possible without the surrender of conscientious convictions and to reach a verdict.

The jury resumed its deliberations but was still unable to reach a unanimous verdict when, at 3:45 p.m., it submitted two more notes to the trial court. One note stated that there were "still . . . jurors with consistent and unwavering reasonable doubt" who felt "their minds [were] made up." The other note constituted a request by Juror Gock to be excused from jury duty on 14 September 2000 to attend his wife's surgery. Juror Gock anticipated being able to return to court before noon that day.

When the jury was brought back into the courtroom, the trial court questioned the foreperson regarding the jury's progress. Upon being told that while the jurors had continued to have "thoughtful discussion[s]," the jurors felt that "their minds [were] set," the trial court asked the jury to retire in order to continue deliberations. At this time, the trial court did not repeat its previous *Allen* instruction on the duty of jurors to follow their individual consciences nor did it comment on Juror Gock's request in the presence of the jury. Only after the jury had retired did the trial court state its intent to grant Juror Gock's request if the jury had not reached a verdict by the end of the day. Thereafter, Defendants moved for a mistrial.

At approximately 4:45 p.m., the trial court instructed the bailiff to knock on the jury room door and bring the jury back. Upon his return, the bailiff was accompanied by only two jurors. The bailiff explained to the trial court that "[the jurors] indicated they wanted to stay in [the jury room], but [he] told them they had to come out." The trial court asked if they wanted to stay in the jury room, and the two jurors said "yes." At that point, the trial court responded: "Go back. You want to stay, they can stay." The two jurors then returned to the jury room. Defendants renewed their motion for a mistrial, which the trial court denied. By 5:06 p.m., the jury had reached a unanimous verdict finding Defendants guilty of all charges.

---

The dispositive issue is whether the circumstances surrounding the jury deliberations in this case might reasonably be construed as coercive to the jury to reach a unanimous verdict.

Every person charged with a crime has an absolute right to a fair trial and an impartial jury. *See State v. Jones*, 292 N.C. 513, 521, 234 S.E.2d 555, 559 (1977). Article I, section 24 of the North Carolina Constitution prohibits a trial court from coercing a jury to return a verdict. *State v. Patterson*, 332 N.C. 409, 415, 420 S.E.2d 98, 101 (1992). According to N.C. Gen. Stat. § 15A-1235(c), the trial court "may not require or threaten to require the jury to deliberate for an unreasonable length of time or for unreasonable intervals." N.C.G.S. § 15A-1235(c) (2001). In determining whether a trial court's actions are coercive, an appellate court must look to the totality of the circumstances. *Patterson*, 332 N.C. at 415-16, 420 S.E.2d at 101. Thus, the defendant is entitled to a new trial if the circumstances surrounding jury deliberations

> might reasonably be construed by [a] member of the jury unwilling to find the defendant guilty as charged as coercive, suggesting to him that he should surrender his well-founded convictions conscientiously held or his own free will and judgment in deference to the views of the majority and concur in what is really a majority verdict rather than a unanimous verdict.

*State v. Roberts*, 270 N.C. 449, 451, 154 S.E.2d 536, 538 (1967).

In this case, the trial court, on the third day of deliberations and upon receipt of the jury's two notes regarding its inability to reach a verdict and Juror Gock's request to attend his wife's surgery, simply asked the jury to continue deliberations. Having notified the trial court on three separate occasions that it was unable to reach a unan-

imous verdict and not having been given an *Allen* instruction after its final note to the trial court, the jury could reasonably have concluded that it was required to deliberate until it did in fact reach a verdict. Moreover, by not addressing Juror Gock's concerns in the presence of the jury, Juror Gock, not knowing if he would receive permission to attend his wife's surgery the next day, may have felt pressured to reach a verdict by the end of the day. Accordingly, the circumstances surrounding the jury deliberations were such that the jury might reasonably have construed them as coercive, requiring a new trial for Defendants. Furthermore, the trial court erred in addressing only two members of the jury when it told them to "[g]o back" and said "[y]ou want to stay, they can stay." *See State v. King*, 342 N.C. 357, 365, 464 S.E.2d 288, 293 (1995) (after jury deliberations have begun, "all communications between the [trial] court and the jury [must] be conducted in open court with all members of the jury present"); *see also* N.C.G.S. § 15A-1234 (2001). In addition, depending on how these words were understood and relayed by the two jurors, the trial court's statement could have further conveyed the impression to the jury that it was to stay in the jury room until it had reached a verdict. *State v. Ashe*, 314 N.C. 28, 36, 331 S.E.2d 652, 657 (1985) ("[t]he danger . . . is that [a juror], even the jury foreman, having alone . . . heard the [trial] court's response firsthand, may through misunderstanding, inadvertent editorialization, or an intentional misrepresentation, inaccurately relay . . . the [trial] court's response . . . to the defendant's detriment"). As these errors were prejudicial, Defendants are entitled to a new trial.

New trial.

Judge TIMMONS-GOODSON concurs.

Judge HUNTER dissents.

HUNTER, Judge, dissenting.

Having closely examined the transcript of the proceedings, I am not persuaded that any irregularities during the jury deliberations warrant a new trial. The essence of defendants' argument is that the actions of the trial court and the circumstances of the jury deliberation process had the effect of improperly coercing the jury to reach a unanimous verdict. Section 15A-1235 of our General Statutes, which is entitled "[l]ength of deliberations; deadlocked jury," provides in pertinent part:

(c) If it appears to the judge that the jury has been unable to agree, the judge may require the jury to continue its deliberations and may give or repeat the instructions provided in subsections (a) and (b). The judge may not require or threaten to require the jury to deliberate for an unreasonable length of time or for unreasonable intervals.

(d) If it appears that there is no reasonable possibility of agreement, the judge may declare a mistrial and discharge the jury.

N.C. Gen. Stat. § 15A-1235(c), (d) (2001). "The purpose behind the enactment of N.C.G.S. § 15A-1235 was to avoid coerced verdicts from jurors having a difficult time reaching a unanimous decision." *State v. Evans*, 346 N.C. 221, 227, 485 S.E.2d 271, 274 (1997), *cert. denied*, 522 U.S. 1057, 139 L. Ed. 2d 653 (1998).

"It is well settled that Article I, Section 24 of the Constitution of North Carolina prohibits a trial court from coercing a jury to return a verdict." *State v. Patterson*, 332 N.C. 409, 415, 420 S.E.2d 98, 101 (1992). "In determining whether a trial court's actions are coercive under this section of our Constitution, we must analyze the trial court's actions in light of the totality of the circumstances facing the trial court at the time it acted." *Id.* at 415-16, 420 S.E.2d at 101.

"It is well-settled that the decision to grant or deny a motion for mistrial lies within the sound discretion of the trial judge," and that "[t]he trial judge's ruling on a motion for mistrial will not be disturbed on appeal 'unless it is so clearly erroneous as to amount to a manifest abuse of discretion.' " *State v. Baldwin*, 141 N.C. App. 596, 607, 540 S.E.2d 815, 823 (2000) (citation omitted). Factors that may properly be considered in analyzing the totality of the circumstances include, but are not necessarily limited to

> whether the court conveyed an impression to the jury that it was irritated with them for not reaching a verdict, whether the court intimated to the jury that it would hold them until they reached a verdict, and whether the court told the jury a retrial would burden the court system if the jury did not reach a verdict.

*State v. Beaver*, 322 N.C. 462, 464, 368 S.E.2d 607, 608 (1988).

Considering the totality of the circumstances here, I do not believe that the trial court abused its discretion in refusing to grant a

mistrial, nor do I believe that the trial court's actions were coercive. First, as to the time involved in the jury deliberations, "[o]ur courts . . . have not adopted a bright-line rule setting an outside time-limit on jury deliberations, or a rule that deliberations for a certain length of time, in relation to the length of time spent by the State presenting its evidence, is too long." *Baldwin*, 141 N.C. App. at 608, 540 S.E.2d at 823. Here, the jury deliberated for a total of more than eleven hours over a period of three days. Given the complexity of the trial, involving three defendants and numerous charges, I do not believe the duration of the jury deliberations itself was so long as to be coercive of a unanimous verdict. *See, e.g., State v. Jones*, 110 N.C. App. 169, 178-79, 429 S.E.2d 597, 603 (1993) (no error in denying motion for mistrial where jury deliberated for approximately twelve hours over period of three days in case involving single defendant and two counts of second degree murder), *cert. denied*, 336 N.C. 612, 447 S.E.2d 407 (1994).

Moreover, I believe the trial court adequately instructed the jury during deliberations so as to mitigate the possibility of coercion as a result of the length of deliberations. On the third day, after a total of almost nine hours deliberating, the trial court instructed the jury as to its duties in accordance with subdivision (b) of N.C. Gen. Stat. § 15A-1235:

> Members of the jury, I am going to allow you to resume your deliberations in an attempt to reach and return a verdict. I have already instructed you that your verdict must be unanimous; that is, that each of you must agree on the verdict. I am going to give you some additional instructions.
>
> First, it is your duty to consult with one another and to deliberate with a view to reaching an agreement if it can be done without violence to individual judgment. Second, each of you must decide the case for yourself but only after an impartial consideration of the evidence with your fellow jurors. Third, in the course of your deliberations, you should not hesitate to re-examine your own views and to change your opinion if you become convinced it is erroneous. On the other hand, you should not hesitate to hold to your own views and opinions if you remain convinced they are correct. Fourth, none of you should surrender an honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Now ladies and gentlemen, please be mindful that I am in no way trying to force or coerce you to return or reach a verdict. I recognize the fact that there are sometimes reasons why jurors cannot agree. Through these additional instructions that I have just given to you, I merely want to emphasize that it is your duty to do whatever you can to reason this matter over together as reasonable people and to reconcile your differences if that can be done and it is possible without the surrender of conscientious convictions and to reach a verdict.

Given the complexity of the trial, and because the trial court specifically instructed the jurors not to surrender their honest convictions only two and one-half hours prior to the jury reaching a verdict, I am not persuaded that the length of the deliberations had a coercive effect upon the jurors. Furthermore, the trial judge is not required to instruct the jury in accordance with N.C. Gen. Stat. § 15A-1235 every time a jury returns to the courtroom without a verdict; rather, N.C. Gen. Stat. § 15A-1235 merely provides guidelines, and a trial judge "must be allowed to exercise his sound judgment to deal with the myriad different circumstances he encounters at trial." *State v. Hunter*, 48 N.C. App. 689, 692-93, 269 S.E.2d 736, 738 (1980).

As to the effect of the trial court's silence regarding Juror Gock's request on Wednesday to be excused on Thursday morning, there is nothing in the record indicating that the jurors were led to suspect that the trial court intended to deny Juror Gock's request, or that such a suspicion, even if it existed, had a coercive impact upon the jury. I believe it is more likely that the trial court's silence as to Juror Gock's request simply led the jurors to conclude that the trial court intended to wait to address the matter until the end of the afternoon.

As to the communication that transpired between the trial court and only two of the jurors at approximately 4:45 p.m. on Wednesday, I believe this communication was clearly harmless. It is true that N.C. Gen. Stat. § 15A-1234(a)(1) (2001) has been broadly interpreted as requiring "that all communications between the court and the jury be conducted in open court with all members of the jury present." *State v. King*, 342 N.C. 357, 365, 464 S.E.2d 288, 293 (1995). In such situations there is a concern that a court's statements may be misinterpreted by jurors who are not present. *See State v. Nelson*, 341 N.C. 695, 701, 462 S.E.2d 225, 228 (1995). However, I do not believe the brief and innocuous communication at issue here (which significantly did not include any actual jury instructions) amounts to prejudicial error pursuant to N.C. Gen. Stat. § 15A-1234(a)(1). Furthermore,

defendants did not specifically object to this communication and, therefore, have waived any objection to the procedure. *See* N.C.R. App. P. 10(b)(1); *State v. Davis*, 353 N.C. 1, 17, 539 S.E.2d 243, 255 (2000), *cert. denied*, —— U.S. ——, 151 L. Ed. 2d 55 (2001).

Finally, as to the period of time during which only ten of the jurors remained in the jury room while two of the jurors communicated with the trial court, there is, again, nothing in the record to indicate that the jurors inappropriately continued to deliberate during this very brief period of time. Moreover, the trial court expressly instructed the jurors on at least four separate occasions during the deliberation process that they should only deliberate when all twelve jurors were present, and there is no reason to believe that the jurors disobeyed this instruction.

In summary, under the totality of the circumstances, I do not believe either that the trial court abused its discretion in refusing to grant a mistrial, or that the actions of the trial court resulted in coercion of the jury verdict pursuant to the test set forth in *State v. Roberts*, 270 N.C. 449, 451, 154 S.E.2d 536, 537-38 (1967). Thus, I disagree with the majority that a new trial is warranted on this basis.