STATE OF NORTH CAROLINA v. RICHARD S. HOLMES, Defendant-Appellant

No. COA00-1543

(Filed 2 April 2002)

**Sexual Offenses— indecent liberties—felonious failure to notify sheriff of change of address—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charges of two counts of felonious failure to notify the sheriff of a change of address by a sex offender as required by N.C.G.S. § 14-208.11 even though defendant contends he called someone in the sheriff's department to give notification of his change of address, because: (1) there is no evidence that defendant was adjudicated incompetent; (2) defendant had sufficient notice of the requirement that he change his address in writing since he signed a notice of duty to register the day he was released from prison; and (3) the State produced sufficient evidence to show that defendant was convicted of two counts of indecent liberties with a minor, which required him under N.C.G.S. § 14-208.7 to register with the sheriff.

Appeal by defendant from judgment entered 8 September 2000 by Judge Richard L. Doughton in Iredell County Superior Court. Heard in the Court of Appeals 29 November 2001.

*Attorney General Roy Cooper, by Assistant Attorney General Brian L. Blankenship, for the State.*

*Peter A. Smith, for defendant-appellant.*

BRYANT, Judge.

Defendant appeals his convictions on two counts of felonious failure to notify the sheriff of a change of address by a sex offender. On 4 June 1991, defendant was convicted of and incarcerated on two counts of taking indecent liberties with a minor. He was released on 9 October 1996. The following day, defendant met with his intensive probation officer, where he reviewed and signed a 'Notice of Duty to Register' as a sex offender. On 17 October 1996, defendant registered as a sex offender with the Iredell County Sheriff's Office, listing 1224 Fifth Street in Statesville as his address.

On 19 May 1998, defendant was convicted of assault on a female and received probation under the supervision of a different probation

STATE v. HOLMES

[149 N.C. App. 572 (2002)]

officer and surveillance officer. However, on 18 August 1998, defendant notified the surveillance officer but not the Sheriff's Department of his move from 1224 Fifth Street to 103 East Raleigh Avenue. Two months later, he was incarcerated on matters unrelated to this case. On 6 November 1998, defendant, while incarcerated, signed a verification of address form for the Iredell County Sheriff's Department showing his address as 1224 Fifth Street.

Defendant was released from jail on 1 December 1998 and returned to the Fifth Street address. However, on 4 December 1998, defendant notified the surveillance officer but not the Sheriff's Department of his move from East Raleigh Street to 273 North Lackey Street. On 14 January 1999, defendant left a message with his probation officer of his move from North Lackey Street to 324 South Miller Street. Five days later, defendant called the Sheriff's Department and told someone in the administrative office that he was changing his address. Defendant was told at that time that he would have to come into the Sheriff's Office to properly complete the paperwork to change his address. On 1 February 1999, defendant completed a change of address form stating that he moved from Fifth Street to Miller Avenue, effective 15 January 1999.

On 6 July 1999, defendant was indicted on three counts of felonious failure to notify the registering sheriff of a change of address by a sex offender. The indictments were based on moves made by defendant on 18 August 1998 (99-CRS-1496), 4 December 1998 (99-CRS-1495) and 14-15 January 1999 (99-CRS-1494). Defendant was tried by jury on 5 September 2000, and convicted on two counts (99-CRS-1495 and -1496) on 7 September 2000. Defendant was acquitted on 8 September 2000 for failing to register on 14-15 January 1999 (99-CRS-1494). Defendant appeals from the two convictions.

Defendant's sole assignment of error is that the evidence was insufficient on every element of the charges to withstand his motion to dismiss at the close of all the evidence. Within this assignment of error, defendant makes the following arguments: 1) that the trial court should have strictly construed the sex offender registration statute by requiring substantial evidence of every element of the crime in ruling on a motion to dismiss because the statute is violated when a person fails to perform an affirmative act; 2) that the notification requirement should be strictly construed in favor of defendant because the statute is vague; and 3) that the State offered insufficient evidence to establish the specific elements of the crime.

Defendant first argues that the trial court was required to strictly construe N.C.G.S. § 14-208.11 because of the possibility of violating defendant's due process rights. It is well established that a constitutional question must be raised and decided at trial before this Court will usually consider the question on appeal. *State v. Youngs*, 141 N.C. App. 220, 540 S.E.2d 794, 800 (2000), *rev. denied by* 353 N.C. 397, 547 S.E.2d 430 (2001); *State v. Waddell*, 130 N.C. App. 488, 503, 504 S.E.2d 84, 93 (1998), *decision aff'd as modified by* 351 N.C. 413, 527 S.E.2d 644 (2000). Because defendant failed to raise this constitutional question at trial, this Court may not consider it. *See* N.C. R. App. P. 28(b)(5). However, we may waive our Rules of Appellate Procedure to prevent manifest injustice pursuant to Rule 2. N.C. R. App. P. 2. Herein, we waive application of Rule 2 only to make clear that *State v. Young*, 140 N.C. App. 1, 535 S.E.2d 380 (2000), *review denied*, 353 N.C. 397, 547 S.E.2d 430, *discretionary review improvidently allowed*, 354 N.C. 213, 552 S.E.2d 142 (2001), is limited to cases where defendant is mentally incompetent.

Defendant argues that *State v. Young*, which addresses a violation of the same statute, applies. We disagree. In *Young*, the defendant, Ricky Neal Young, was adjudicated incompetent and a guardian was appointed in July 1989. Two years later, Young was charged with taking indecent liberties with a minor child, but the trial court found that he lacked the capacity to be tried. After his release from the mental hospital, Young pled guilty in 1998 to the indecent liberties charge and was sentenced to a prison term. Upon his parole in early May 1998, Young lived in a family care home that provided his meals, medication and transportation to meetings with his parole officer. Young went to the sheriff's department on 12 May 1998 and registered his family care home address. He was released from the family care home on 28 June 1998, and committed to Broughton Hospital the next day. Young was discharged from Broughton on 4 October 1998 into his guardian's care. That day he notified the sheriff's department by phone of his new address. Young was later charged and convicted of failing to notify the sheriff's department of his change of address as a sex offender in violation of N.C.G.S. § 14-208.11.

On appeal, Young argued that § 14-208.11 was unconstitutional under the United States and North Carolina Constitutions because, as applied to him, the statute "severely punishes an incompetent person for failing to take some affirmative action, without regard to fault or legal excuse . . . ." *Young*, 140 N.C. App. at 5, 535 S.E.2d at 383. This Court agreed that because Young had been adjudicated incompetent,

"actual notice" as applied to a reasonable and prudent person was insufficient notice to Young. *Id.* at 9, 535 S.E.2d at 385. "Due process requires not just the mechanical act of notifying a defendant or the automatic assumption that the notice is good, but in fact, we believe due process requires that notice be synonymous with the ability to comply." *Id.* at 10, 535 S.E.2d at 385. The *Young* Court ultimately held that § 14-208.11 was unconstitutional as applied to an adjudicated incompetent defendant because it fails the due process notice requirement mandated by the Fifth and Fourteenth Amendments to the United States Constitution. *Young*, 140 N.C. App. at 15, 535 S.E.2d at 388. The *Young* Court declined to address the constitutionality of § 14-208.11 under the North Carolina Constitution.

We find *Young* distinguishable. The *Young* Court clearly limited its holding to defendants who were adjudicated incompetent. That is not the case here. Defendant does not contend — and there is no evidence — that he was adjudicated incompetent. We therefore focus our attention on the notice requirements for a person who has not been adjudicated incompetent.

This brings us to defendant's second argument. Defendant alleges that the notification requirement should be strictly construed in his favor because § 14-208.11 does not indicate the type of notice required of sex offenders. We disagree. North Carolina requires persons convicted of certain sex offenses to register with law enforcement agencies because they often pose a high risk of committing a sex offense after being released from incarceration. *See* N.C.G.S. § 14-208.5 (1999). North Carolina residents who are released from a penal institution must register with the sheriff of the county in which the person resides "[w]ithin 10 days of release from a penal institution." N.C.G.S. § 14-208.7(a)(1) (1999) (amended by Act of Aug. 17, 2001, ch. 373, sec. 1, 2001, N.C. Sess. Laws 798). Persons subject to registration must be notified at least ten days but no more than thirty days prior to release of their duty to register. N.C.G.S. § 14-208.8(a) (1999). The person to be released must sign a written statement that they were informed of the duty to register, or, if the person refuses to sign, a prison official must certify that the person was informed. N.C.G.S. § 14-208.8(a)(1) (1999). "If a person required to register changes address, the person shall provide *written* notice of the new address not later than the tenth day after the change to the sheriff of the county with whom the person had last registered." N.C.G.S. § 14-208.9 (1999) (emphasis added) (amended by Act of Aug. 17, 2001, ch. 373, sec. 1, 2001, N.C. Sess. Laws 179). If

the person fails to register or notify the last registering sheriff of a change of address, he is guilty of a Class F felony. N.C.G.S. § 14-208.11 (1999).

Article 27A (N.C.G.S. § 14-208.5 to -208.32) clearly sets out the notice, registration, and proposed punishment for failure to register as required. N.C.G.S. § 14-208.9 requires sex offenders to provide *written* notice of a change of address. N.C.G.S. § 14-208.11 clearly indicates the consequences for failure to properly register. Our rules of statutory construction provide that "[s]tatutes imposing penalties are . . . strictly construed in favor of the one against whom the penalty is imposed and are never to be extended by construction." *Winston-Salem Joint Venture v. City of Winston-Salem*, 54 N.C. App. 202, 205, 282 S.E.2d 509, 511 (1981). However,

> when statutes 'deal with the same subject matter, they must be construed in *pari materia* and harmonized to give effect to each.' When, however, the section dealing with a specific matter is clear and understandable on its face, it requires no construction. In such case, 'the Court is without power to interpolate or superimpose conditions and limitations which the statutory exception does not of itself contain.'

*State ex rel. Utilities Comm'n v. Lumbee River Elec. Membership Corp.*, 275 N.C. 250, 260, 166 S.E.2d 663, 670 (1969) (citations omitted).

N.C.G.S. § 14-208.9 and the statute in question, § 14-208.11, are both within Article 27A, which defines the sex offender and public protection registration programs. Because they deal with the same subject matter, they must be construed in *pari materia* to give effect to each. N.C.G.S. § 14-208.9 states that the person required to register a change of address must provide *written* notice. N.C.G.S. § 14-208.9 (1999) (amended by Act of Aug. 17, 2001, ch. 373, sec. 1, 2001, N.C. Sess. Laws 798). N.C.G.S. § 14-208.11 makes it a felony to fail to notify the sheriff of a change of address. N.C.G.S. § 14-208.11(a)(2) (1999). Read together, certain sex offenders must notify the sheriff in writing in order to comply with our statutes. N.C.G.S. § 14-208.11 is not vague; it merely requires two statutes on the same subject matter to be read together according to the rules of statutory construction.

The record indicates that defendant signed a 'Notice of Duty to Register' [Notice] on 10 October 1996, the day he was released from prison after serving over five years for two counts of taking indecent

STATE v. HOLMES

[149 N.C. App. 572 (2002)]

liberties with a minor. The Notice states that "[i]f a person required to register changes address, the person shall provide written notice of the new address not later than the tenth day after the change to the Sheriff of the County with whom the person had last registered." The Notice further provides that if a person intentionally violates the requirements, he is guilty of a Class 3 misdemeanor for the first conviction and a Class 1 felony for a subsequent conviction. This is sufficient notice for a reasonable and prudent person. Defendant, who was never adjudicated incompetent, reviewed and signed the Notice. Therefore N.C.G.S. § 14-208.11 is not unconstitutional as applied to defendant and *Young* is not applicable. Defendant's first two arguments are without merit.

Defendant next argues that the State offered insufficient evidence to establish the specific elements of the crime. Specifically, defendant argues that "the State failed to offer substantial evidence as to specific elements of this offense, including specific dates when the defendant moved and specific dates when [the Defendant] would have been required to submit [a] change of address." We disagree.

To meet its burden under § 14-208.11(a)(2), the State must prove that: 1) the defendant is a sex offender who is required to register; and 2) that defendant failed to notify the last registering sheriff of a change of address. When reviewing a defendant's motion to dismiss for insufficiency of the evidence, this Court must determine whether there is substantial evidence of every essential element of the offense. *State v. Baldwin*, 141 N.C. App. 596, 604, 540 S.E.2d 815, 821 (2000). This Court considers evidence in the light most favorable to the State. *Id.* Substantial evidence is evidence "a reasonable juror would consider sufficient to support the conclusion that each essential element of the crime exists." *Id.* This Court must determine "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *State v. Barnette*, 304 N.C. 447, 458, 284 S.E.2d 298, 305 (1981)).

We must first address whether the State met its burden in producing substantial evidence that defendant was required to register. A person who is convicted of taking indecent liberties with a minor has a reportable conviction and must register with the sheriff of the county where the person resides. *See* N.C.G.S. § 14-208.7 (1999) (amended by Act of Aug. 17, 2001, ch. 373, sec. 1, 2001, N.C. Sess. Laws 179); *State v. Young*, 140 N.C. App. 1, 535 S.E.2d 380 (2000). At trial, the State produced evidence that defendant was convicted of

two counts of taking indecent liberties with a minor. This evidence consisted of the testimony of the custodian of records of the Office of Clerk of Superior Court for Iredell County, who identified two court files containing judgments entered against defendant on 4 June 1991 for taking indecent liberties with a minor. We find this to be substantial evidence that defendant is a sex offender who is required by § 14-208.7 to register with the sheriff.

We next address whether the State met its burden of producing substantial evidence that defendant failed to notify the sheriff of a change of address. Defendant was convicted of two counts of failure to register as a sex offender. In 99 CRS 1496, the conviction resulted from defendant's failure to register his change of address from 1224 Fifth Street to 103 East Raleigh Avenue on 18 August 1998. Defendant testified that he called someone at the sheriff's department when he moved from Fifth Street to East Raleigh Avenue on 18 August 1998. However, he did not sign a verification of address form until 6 November 1998 when someone from the Iredell County Sheriff's Department visited him in jail. Defendant's direct testimony also confirmed the substantial evidence of record that: 1) he moved on 18 August 1998; and 2) that he failed to comply with the statutory notification requirements for sex offenders. Therefore, this evidence of defendant's failure to comply with the notification requirement was substantial.

In 99 CRS 1495, the conviction resulted from defendant's failure to register his change of address from 103 East Raleigh Avenue to 273 North Lackey Street on 4 December 1998. Defendant testified that he was released from Iredell County Jail on 1 December 1998 and that he returned to Fifth Street. He called Mr. Johnson, a surveillance officer, to tell him that he was moving to North Lackey Street. Defendant testified that January "was the only time I ever heard them tell me that I had to physically come to the [sheriff's department] and sign." The State offered the testimony of an Iredell County Sheriff's Department employee who worked in the sex offender registration unit and records. She testified that between November 1998 and 1 February 1999, she did not complete any forms or documents regarding changes of address by defendant. As stated earlier in this opinion, defendant signed a 'Notice of Duty to Register' in October 1996 which required him to provide written notice of a change of address within ten days of the change. We conclude that this is substantial evidence that defendant failed to comply with the notification requirements for sex offenders.

CAROLINA HOLDINGS, INC. v. HOUSING APPEALS BD. OF CHARLOTTE

[149 N.C. App. 579 (2002)]

Therefore, we hold that the trial court did not err in denying defendant's motion to dismiss for insufficiency of the evidence as the State presented substantial evidence of every element of the offense. We also hold that defendant had adequate notice to satisfy constitutional due process requirements. Accordingly, we find no error.

NO ERROR.

Judges McGEE and HUNTER concur.