STATE OF NORTH CAROLINA v. PARIS LAMONT STEVENS

No. COA01-1202

(Filed 16 July 2002)

**1. Appeal and Error— preservation of issues—motion to suppress—waiver after guilty plea**

Although defendant contends the trial court erred by finding probable cause to support the search of his person on 28 October 2000 and by denying defendant's motion to suppress, defendant failed to preserve this issue for appellate review, because N.C.G.S. § 15A-979(b) provides that a defendant bears the burden of notifying the State and the trial court during plea negotiations of the intention to appeal the denial of a motion to suppress, or the right to do so is waived after a plea of guilty.

**2. Drugs— felonious possession of drug paraphernalia— motion to dismiss—State's concession of error**

Although defendant contends the trial court erred by denying defendant's motion to dismiss the charge of felonious possession of drug paraphernalia under N.C.G.S. § 90-95(e)(3) since this offense is not a substantive charge but merely a status for sentence enhancement, this argument does not need to be addressed because defendant's conviction is vacated based on the State's concession that defendant was improperly indicted for this charge.

**3. Sentencing— habitual felon—dismissal of underlying felony**

Defendant's habitual felon conviction is vacated because there is no felony conviction to which the habitual felon indictment attaches after the felonious possession of drug paraphernalia conviction was vacated.

Appeal by defendant from judgments entered 23 May 2001 by Judge Howard R. Greeson, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 13 June 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Marvin R. Waters, for the State.*

*Grace, Holton, Tisdale & Clifton, P.A., by Michael A. Grace, Christopher R. Clifton, and Stacey D. Rubain, for defendant-appellant.*

TYSON, Judge.

## I. Facts

Defendant was indicted on 22 January 2001 for felonious possession with intent to manufacture, sell and deliver marijuana (00CRS057820). Defendant was also indicted for habitual felon status on 22 January 2001 (01CRS000062). On 14 May 2001, a superseding indictment was issued charging defendant with felonious possession with intent to manufacture, sell and deliver marijuana and felonious possession of drug paraphernalia based upon defendant's previous conviction of possession with intent to manufacture, sell and deliver marijuana on 25 May 2000.

Defendant filed a Motion to Suppress evidence seized from him which was denied after a hearing on the evidence. Defendant filed a Motion to Dismiss arguing that the felonious possession of drug paraphernalia is not a substantive charge but a status, which was denied.

Defendant pled guilty to felonious possession of drug paraphernalia and being an habitual felon, pursuant to a plea agreement. The jury convicted defendant of misdemeanor possession of marijuana. Defendant was sentenced within the aggravated range to a minimum of seventy months and a maximum of ninety-three months for felonious possession of drug paraphernalia and twenty days for misdemeanor possession of marijuana. Defendant appeals.

STATE v. STEVENS

[151 N.C. App. 561 (2002)]

## II. Issues

The issues presented on appeal are whether: (1) the trial court erred in denying defendant's motion to suppress, (2) the trial court erred in denying defendant's motion to dismiss, and (3) defendant's due process rights and freedom from double jeopardy were violated. We affirm the denial of defendant's motion to suppress and vacate defendant's conviction for felonious possession of drug paraphernalia.

## III. Motion to Suppress

**[1]** Defendant contends that the trial court erred in finding probable cause to support the search of his person on 28 October 2000 and denial of his motion to suppress. Defendant failed to preserve this assignment of error for our review, thus we do not reach the merits of defendant's arguments.

N.C. Gen. Stat. § 15A-979(b) (2001) states that "[a]n order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, including a judgment entered upon a plea of guilty." However, "[t]his statutory right to appeal is conditional, not absolute." *State v. McBride*, 120 N.C. App. 623, 625, 463 S.E.2d 403, 404 (1995), *disc. review allowed in part*, 343 N.C. 126, 468 S.E.2d 790, aff'd, 344 N.C. 623, 476 S.E.2d 106 (1996). Pursuant to N.C.G.S. § 15A-979(b), "a defendant bears the burden of notifying the state and the trial court during plea negotiations of the intention to appeal the denial of a motion to suppress, or the right to do so is waived after a plea of guilty." *Id.*

In the present case, defendant entered in the record after the denial of his motion to dismiss, that he wanted to preserve an appeal on the denial of his motion to suppress. After the jury was empaneled, defendant pled guilty, pursuant to a plea agreement, to felonious possession of drug paraphernalia and to being an habitual felon, specifically preserving a right to appeal his pretrial motion to dismiss only. Defendant also admitted to misdemeanor possession of marijuana, denying intent to sell. Defendant was tried on possession with intent to sell and deliver marijuana and was convicted of misdemeanor possession of marijuana. Accordingly, we conclude that defendant has waived the right to appeal the denial of his motion to suppress.

## IV. Motion to Dismiss

**[2]** Defendant contends that the felonious possession of drug paraphernalia charged pursuant to N.C.G.S. § 90-95(e)(3) should have

been dismissed, and argues that this offense is not a substantive charge but merely a status for sentence enhancement. In light of the State's concession at oral argument, we do not address defendant's argument.

Possession of drug paraphernalia is a Class 1 misdemeanor punishable under N.C. Gen. Stat. § 90-113.22 (2001). The indictment against defendant charged an enhanced felony version of this offense by application of the enhancement provision contained in N.C. Gen. Stat. § 90-95(e)(3) (2001), which provides that:

> [i]f any person commits a Class 1 misdemeanor under *this Article* and if he has previously been convicted for one or more offenses under any law of North Carolina or any law of the United States or any other state, which offenses are punishable under any provision of *this Article*, he shall be punished as a Class I felon.

(Emphasis supplied). N.C.G.S. § 90-95(e)(3) is codified within Article 5, the North Carolina Controlled Substances Act. N.C.G.S. § 90-113.22 is codified within Article 5B, the North Carolina Drug Paraphernalia Act, and does not fall within N.C.G.S. § 90-95(e)(3). Accordingly, it was error to indict defendant for felonious possession of drug paraphernalia.

[3] The State conceded, during oral argument, that defendant was improperly indicted for felonious possession of drug paraphernalia and that his conviction should be vacated. We therefore vacate defendant's conviction for felonious possession of drug paraphernalia in 00CRS057820. There being no felony conviction to which the habitual felon indictment attaches, defendant's habitual felon conviction in 01CRS000062 is vacated. In light of our disposition, review of defendant's remaining arguments is unnecessary.

We render no opinion as to any other charge which properly could have been brought against defendant under the facts of this case.

No error on possession of marijuana conviction (00CRS057820), vacate felonious possession of drug paraphernalia conviction (00CRS057820), vacate habitual felon conviction (01CRS000062).

Judgments vacated.

Judges MARTIN and THOMAS concur.