STATE OF NORTH CAROLINA v. KEITH ANTONIO BARNETT

No. COA12-269

(Filed 2 October 2012)

**Sexual Offenders—failed to notify of change of address—subject matter jurisdiction—indictment insufficient—failed to specify all essential elements of charged offense**

The trial court lacked subject matter jurisdiction in a case involving defendant's failure to notify the sheriff's office of his change of address as required for a registered sex offender under N.C.G.S. § 14-208.9. The indictment failed to specify that defendant was "a person required to register," an essential element of the charged offense. The trial court's judgment was arrested and defendant's conviction was vacated.

**STATE v. BARNETT**

[223 N.C. App. 65 (2012)]

Appeal by Defendant from judgment and commitment entered 17 August 2011 by Judge Mark E. Powell in Gaston County Superior Court. Heard in the Court of Appeals 28 August 2012.

*Roy Cooper, Attorney General, by J. Joy Strickland, Assistant Attorney General, for the State.*

*Harrington, Gilleland, Winstead, Feindel & Lucas, LLP, by Anna S. Lucas, for the Defendant.*

THIGPEN, Judge.

Keith Antonio Barnett ("Defendant") appeals from a jury verdict finding him guilty of failing to notify the sheriff's office of change of address as required for a registered sex offender under N.C. Gen. Stat. § 14-208.9. The indictment in this case failed to specify that Defendant was "a person required to register," an essential element of the charged offense. This defect rendered the indictment insufficient to confer subject matter jurisdiction upon the trial court, and we must therefore arrest the trial court's judgment and vacate Defendant's conviction.

## I. Factual & Procedural Background

The State's evidence at trial tended to show that Defendant was convicted of taking indecent liberties with a child in Gaston County in 1997. Said conviction is a "reportable offense" under N.C. Gen. Stat. § 14-208.6(4) and required Defendant to register as a sex offender with the Gaston County Sheriff's Office. Defendant initially registered as a sex offender on 15 February 2010, at which time Defendant acknowledged his duty to notify the sheriff's office of any change in his personal address "within three business days of establishing a residency in North Carolina" and "within three business days of being released from any jail[.]" Defendant listed his address as "554 South Boyd Street, Gastonia, North Carolina."

Defendant notified the sheriff's office of a change of address several times subsequent to his initial sex offender registration: on 15 March 2010, Defendant listed his new address as 210 South Chester Street; on 17 March 2010, Defendant listed his new address as 1112 North Ransom Street; and on 13 April 2010, Defendant changed his address to 607 West Fourth Avenue, Gastonia. Quentin Brown, a friend of Defendant, testified that Defendant lived with him at his residence located at 607 West Fourth Avenue for approximately one week in April 2010. Mr. Brown further testified that Defendant left his

residence when Defendant was arrested and jailed in April 2010 and that Defendant has not lived with him since that time.

Defendant was arrested on 15 April 2010 (on charges unrelated to this appeal) and remained in the Gaston County Jail until his release at approximately 7:27 p.m. on 3 June 2010. Because the sheriff's office was not open at that time, Defendant was unable to register his new address until the following day. On 4 June 2010, a Friday, Defendant registered his new address as 607 West Fourth Avenue, the same address that Defendant had represented as his personal address prior to his arrest and imprisonment. Defendant also met with Officer Jamie Terry ("officer Terry"), an officer of the State of North Carolina, that day and "reported that he was living at 607 West 4th Avenue, Gastonia, North Carolina." However, Officer Terry was unable to verify that Defendant lived at that address when she personally visited said address on five occasions—27 June 2010, 28 June 2010, twice on 29 June 2010, and 17 July 2010. On 19 July 2010, Officer Terry reported her inability to locate Defendant to Captain Darryl Griffin, the individual in charge of the Gaston County Sheriff's Department's Sex Offender Registration Program.

Defendant was arrested on 21 July 2010 and subsequently indicted on 2 August 2010 on the charge of failing to notify the sheriff's office of his change in address as required for a registered sex offender.[1] The matter came on for trial on 16 August 2011 in Gaston County Superior Court. On 17 August 2011, the jury returned a verdict finding Defendant guilty as charged. The trial court determined that Defendant was a prior record level V offender and sentenced Defendant within the presumptive range of 28 to 34 months imprisonment. Defendant appeals.

## II.  Analysis

Defendant contends the indictment in the instant case was insufficient to confer subject matter jurisdiction upon the trial court, as it failed to allege all of the essential elements of the charged offense. Specifically, Defendant contends the indictment failed to allege that he was a "person required to register," a prerequisite for the offense as described in N.C. Gen. Stat. § 14-208.9. Defendant insists this defect in the indictment was fatal to the trial court's jurisdiction and requires that we arrest judgment and vacate his conviction. We agree.

---

1. Defendant was also indicted for attaining habitual felon status, but that charge was dismissed by the trial court.

"It is well settled that 'a valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony.' " *State v. Abraham*, 338 N.C. 315, 339, 451 S.E.2d 131, 143 (1994) (citation omitted). Lack of jurisdiction in the trial court due to a fatally defective indictment requires " 'the appellate court . . . to arrest judgment or vacate any order entered without authority.' " *State v. Petersilie*, 334 N.C. 169, 175, 432 S.E.2d 832, 836 (1993) (citation omitted). The issue of subject matter jurisdiction may be raised at any time, even for the first time on appeal. *See State v. Wallace*, 351 N.C. 481, 503, 528 S.E.2d 326, 341 (2000). The subject matter jurisdiction of the trial court is a question of law, which this Court reviews *de novo* on appeal. *Ales v. T.A. Loving Co.*, 163 N.C. App. 350, 352, 593 S.E.2d 453, 455 (2004).

N.C. Gen. Stat. § 15A-924(a)(5) requires that an indictment set forth:

> A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.

N.C. Gen. Stat. § 15A-924(a)(5) (2011).

In order to be valid and thus confer jurisdiction upon the trial court, "[a]n indictment charging a statutory offense must allege all of the essential elements of the offense." *State v. Snyder*, 343 N.C. 61, 65, 468 S.E.2d 221, 224 (1996). The indictment "is sufficient if it charges the offense in a plain, intelligible and explicit manner. . . ." *State v. Taylor*, 280 N.C. 273, 276, 185 S.E.2d 677, 680 (1972). "[I]ndictments need only allege the ultimate facts constituting each element of the criminal offense," *State v. Rambert*, 341 N.C. 173, 176, 459 S.E.2d 510, 512 (1995), and "[a]n indictment couched in the language of the statute is generally sufficient to charge the statutory offense," *State v. Singleton*, 85 N.C. App. 123, 126, 354 S.E.2d 259, 262 (1987). " '[W]hile an indictment should give a defendant sufficient notice of the charges against him, it should not be subjected to hyper technical scrutiny with respect to form.' " *State v. Harris*, ___ N.C. App. ___, ___, 724 S.E.2d 633, 636 (2012) (citation omitted); *see also State v. Bowen*, 139 N.C. App. 18, 27, 533 S.E.2d 248, 254 (2000) ("The purpose of an indictment is to give a defendant notice of the crime for which he is being charged."). " 'The general rule in this State and

elsewhere is that an indictment for a statutory offense is sufficient, if the offense is charged in the words of the statute, either literally or substantially, or in equivalent words." *Harris*, ___ N.C. App. at ___, 724 S.E.2d at 636 (quoting *State v. Greer*, 238 N.C. 325, 328, 77 S.E.2d 917, 920 (1953)).

N.C. Gen. Stat. § 14-208.9 provides, in pertinent part:

> (a) If a person required to register changes address, the person shall report in person and provide written notice of the new address not later than the third business day after the change to the sheriff of the county with whom the person had last registered.

N.C. Gen. Stat. § 14-208.9(a) (2011). The three essential elements of the offense described in N.C. Gen. Stat. § 14-208.9 are: (1) the defendant is a person required to register; (2) the defendant changes his or her address; and (3) the defendant fails to notify the last registering sheriff of the change of address within three business days of the change. *See State v. Abshire*, 363 N.C. 322, 328, 677 S.E.2d 444, 449 (2009), *superseded by statute on other grounds as recognized in State v. Moore*, ___ N.C. App. ___, 718 S.E.2d 737 (2011); *State v. Worley*, 198 N.C. App. 329, 334, 679 S.E.2d 857, 861 (2009).

Here, the indictment charged Defendant with violating N.C. Gen. Stat. § 14-208.9 and alleged as follows:

> The jurors for the State upon their oath present that on or about [8 June 2010] and in [Gaston County] the defendant named above unlawfully, willfully and feloniously did fail to provide written notice or notify the Gaston County Sheriff's Department within three business days after a change of address as required by the North Carolina General Statute 14-208.9.

While the indictment substantially tracks the statutory language set forth in N.C. Gen. Stat. § 14-208.9(a) with respect to the second and third elements of the offense, it makes no reference to the first essential element of the offense, *i.e.*, that Defendant be "a person required to register." The indictment does not allege that Defendant is a registered sex offender, nor any facts indicating why it would be a crime for Defendant to "fail to provide written notice or notify the Gaston County Sheriff's Department within three business days after a change of address." Moreover, the State's contention that the indictment language "as required by the North Carolina General Statute 14-208.9" was adequate to "put Defendant on notice of the charge[] and [] inform[] him with reasonable certainty the nature of the crime

charged" is unavailing, as "it is well established that "'[m]erely charging in general terms a breach of [a] statute and referring to it in the indictment is not sufficient'" to cure the failure to charge 'the essentials of the offense' in a plain, intelligible, and explicit manner." *State v. Billinger*, ___ N.C. App. ___, ___, 714 S.E.2d 201, 207 (2011) (alterations in original) (quoting *State v. Sossamon*, 259 N.C. 374, 376, 130 S.E.2d 638, 639 (1963) (in turn quoting *State v. Ballangee*, 191 N.C. 700, 702, 132 S.E. 795, 795 (1926))).

In two recent decisions, *State v. Harris*, ___ N.C. App. ___, 724 S.E.2d 633, and *State v. Herman*, ___ N.C. App. ___, 726 S.E.2d 863 (2012), this Court vacated sex offender-related convictions where the indictment failed to adequately allege all of the essential elements of offenses described under N.C. Gen. Stat. § 14-208.18 (2011). In both cases, we held that the indictment was fatally defective because it failed to sufficiently allege that the defendant had been previously convicted of the specific category of sex offense—an offense enumerated in Article 7A of Chapter 14 of our General Statutes or an offense involving a victim who was under sixteen years of age at the time of the offense ___ that subjected him to a charge under N.C. Gen. Stat. § 14-208.18. *Herman*, ___ N.C. App. at ___, 726 S.E.2d at 864-67. We agree with the State's contention that the present case is distinguishable from *Harris* and *Herman* in that the address registration requirements set forth in N.C. Gen. Stat. § 14-208.9 apply to *all* sex offenders, not just to a particular subclass of sex offenders. *See* N.C. Gen. Stat. § 14-208.9(a) (applying to all persons "required to register"). We cannot agree, however, with the State's assertion that the general application of a statute to registered sex offenders dispenses with the well-established requirement that an indictment set forth *all* of the essential elements of the charged offense.

Although outside the context of our sex offender registration regime, we find instructive our Supreme Court's ruling in *State v. J.N. McBane*, 276 N.C. 60, 170 S.E.2d 913 (1969). There, the court addressed a purported violation of then-existing N.C. Gen. Stat. § 153-266.6, which described a crime where

> [A] board of county commissioners adopt[ed] an ordinance regulating the subdivision of land as authorized [in N.C. Gen. Stat. § 153-266.6], [and] any person who, being the owner or agent of the owner of any land located within the platting jurisdiction granted to the county commissioners . . . transfers or sells such land by reference to a plat showing a subdivision of land before

such plat [was] properly approved under such ordinance and recorded in the office of the appropriate register of deeds[.]"

*Id.* at 63, 170 S.E.2d at 915. The warrant at issue alleged that the defendant had "transfer[red] or s[old] certain property . . . by reference to a plat showing a sub-division of land before such plat had been properly approved . . . and recorded" and charged the defendant with "the committing of a misdemeanor in accordance with Section 153-266.6." *Id.* at 62, 170 S.E.2d at 914. However, the warrant failed to allege that the defendant was "the owner or agent of the owner of any land located within the platting jurisdiction granted to the county commissioners." *Id.* at 63, 170 S.E.2d at 915. Our Supreme Court stated the following in holding that the warrant was fatally defective because it failed to allege an essential element of the charged offense:

> The general allegation that defendant's conduct constituted a misdemeanor in violation of [N.C. Gen. Stat. § 153-266.6] is insufficient. The owner or agent of the owner of land within the 'platting jurisdiction' granted the county commissioners . . . is the only person subject to criminal prosecution for violation of [N.C. Gen. Stat. § 153-266.6]. . . . In short, the warrant is fatally defective on account of its failure to allege one of the essential elements of the criminal offense created and defined in [N.C. Gen. Stat. § 153-266.6], namely, that defendant was the owner or agent of the owner of land within the platting jurisdiction granted to the county commissioners. . . .

*Id.* at 65-66, 170 S.E.2d at 916-17.

Here, the indictment describes an offense applicable only to registered sex offenders, but fails to allege facts indicating that Defendant is "a person required to register." The general reference to Defendant's violation of N.C. Gen. Stat. § 14-208.9, which consists of multiple subsections and describes multiple offenses in addition to the offense for which Defendant was charged, is insufficient to cure this defect.[2] We accordingly conclude that the indictment failed to "allege all of the essential elements of the offense." *State v. Snyder*, 343 N.C. 61, 65, 468 S.E.2d 221, 224 (1996), and that "the State's failure to allege an essential element of the crime . . . render[ed] the

_____

2. We also note that the indictment fails to specify subsection (a) of § 14-208.9 as the relevant statutory provision in the instant case, but that this omission in itself does not render the indictment invalid. *See State v. Overton*, 60 N.C. App. 1, 25, 298 S.E.2d 695, 709 (1982).

indictment in this case facially defective and deprived the trial court of jurisdiction to adjudicate the charge[,]" *Billinger*, ___ N.C. App. at ___, 714 S.E.2d at 207.

## III. Conclusion

For the foregoing reasons, we hold that the indictment was insufficient to confer subject matter jurisdiction upon the trial court. The trial court's judgment is hereby arrested, and Defendant's conviction is "vacated without prejudice to the State's right to attempt to prosecute Defendant based upon a valid indictment." *Harris*, ___ N.C. App. at ___, 724 S.E.2d at 639.

VACATED.

Judges MCGEE and BEASLEY concur.