An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1372
NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

STATE OF NORTH CAROLINA

v.

TOMMY LEE OSBORNE

Ashe County
No. 10 CRS 51166

Appeal by Defendant from judgment entered 11 July 2013 by Judge Ronald E. Spivey in Ashe County Superior Court. Heard in the Court of Appeals 23 June 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Catherine F. Jordan, for the State.*
>
> *Farber Law Firm, P.L.L.C., by Sarah Jessica Farber, for Defendant.*

STEPHENS, Judge.

Defendant Tommy Lee Osborne appeals from judgment entered after a jury found him guilty of failing to notify the sheriff's office when he moved to a new address. We vacate the judgment.

The evidence at trial tended to show that, in 1993, Defendant was convicted of an offense that required him to register as a sex offender. On 11 June 2010, Defendant moved

from Forsyth County to Ashe County. Defendant provided a change of address form to the Ashe County Sheriff's Office ("ACSO") indicating that his new address was 309 North Main Street in Jefferson.

The State Bureau of Investigation sends verification letters to sex offenders on the anniversary dates of their registration. Once a sex offender receives the notice, he has three days to take the notice to the sheriff's office to be signed. In November 2010, a verification letter was sent to Defendant, but was returned as undeliverable.

Upon being notified about the letter's return, ACSO Sergeant Randy Lewis went to 309 North Main Street looking for Defendant. Sgt. Lewis spoke with James Bingham, Defendant's brother-in-law. Bingham told Sgt. Lewis that Defendant had not lived at that address for "a few weeks." Bingham said Defendant "had moved to a trailer down in east Jefferson" and provided Sgt. Lewis with directions to that location. Sgt. Lewis obtained a warrant for Defendant's arrest for failure to notify the ACSO of his new address, and on 29 November 2010, located Defendant living at the mobile home park described by Bingham.

On 14 March 2011, the Ashe County grand jury indicted Defendant.[1] On 10 July 2013, a jury found Defendant guilty of failing to notify the ACSO of his change in address as required by N.C. Gen. Stat. § 14-208.11(a)(2). Defendant then entered a no contest plea to having attained habitual felon status. The trial court imposed an active sentence of 58-79 months.

Defendant appeals, arguing that the trial court erred in denying his motion to dismiss when there was insufficient evidence to show that he had moved. We conclude that the indictment purporting to charge Defendant with violating section 14-208.11(a)(2) was fatally flawed. Accordingly, we vacate the judgment entered upon Defendant's conviction as well as Defendant's *nolo contendere* habitual felon plea.

On appeal, neither party has raised any issue regarding the indictment. However,

> [i]t is well settled that a valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony. Lack of jurisdiction in the trial court due to a fatally defective indictment requires the appellate court to arrest judgment or vacate any order entered without authority. The issue of subject matter jurisdiction may be raised at any time, even for the first time on appeal. The subject matter jurisdiction of the trial court is a

---

[1] The specifics of the indictment, which are dispositive of this appeal, are discussed in detail below.

> question of law, which this Court reviews *de novo* on appeal.

*State v. Barnett*, __ N.C. App. __, __, 733 S.E.2d 95, 97-98 (2012) (citations, internal quotation marks, some brackets, and ellipsis omitted). Further, "subject matter jurisdiction may not be waived, and this Court has not only the power, but the duty to address the trial court's subject matter jurisdiction on its own motion or *ex mero motu*." *Rinna v. Steven B.*, 201 N.C. App. 532, 537, 687 S.E.2d 496, 500 (2009) (citation omitted).

An indictment charging a felony must set forth:

> A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.

N.C. Gen. Stat. § 15A-924(a)(5) (2013). The requirement is intended

> (1) [to provide] such certainty in the statement of the accusation as will identify the offense with which the accused is sought to be charged; (2) to protect the accused from being twice put in jeopardy for the same offense; (3) to enable the accused to prepare for trial[;] and (4) to enable the court, on conviction or plea of *nolo contendere* or guilty[,] to pronounce sentence according to the rights of the case.

*State v. Jones*, __ N.C. __, __, 734 S.E.2d 617, 627-28 (2014) (citations and internal quotation marks omitted; some alterations in original).

> In order to be valid and thus confer jurisdiction upon the trial court, an indictment charging a statutory offense must allege all of the essential elements of the offense. The indictment is sufficient if it charges the offense in a plain, intelligible and explicit manner. Indictments need only allege the ultimate facts constituting each element of the criminal offense and an indictment couched in the language of the statute is generally sufficient to charge the statutory offense. While an indictment should give a defendant sufficient notice of the charges against him, it should not be subjected to hyper technical scrutiny with respect to form. *The general rule in this State and elsewhere is that an indictment for a statutory offense is sufficient, if the offense is charged in the words of the statute, either literally or substantially, or in equivalent words.*

*Barnett*, __ N.C. App. at __, 733 S.E.2d at 98 (citations, internal quotation marks, brackets, and ellipses omitted; emphasis added).

A person who is required to register as a sex offender commits a felony if he "[f]ails to notify the last registering sheriff of a change of address as required by this Article." N.C. Gen. Stat. § 14-208.11(a)(2) (2013). In turn, section 14-208.9(a) provides that, "[i]f a person required to register

changes address, the person shall report in person and provide written notice of the new address not later than the third business day after the change to the sheriff of the county with whom the person had last registered." N.C. Gen. Stat. § 14-208.9(a) (2013).[2] When read *in pari materia*, sections 14-208.11(a)(2) and 14-208.9(a) provide that a sex offender required to register his address with the sheriff who fails to notify the sheriff of a change of address in writing within three business days may be found guilty of a felony. *State v. Holmes*, 149 N.C. App. 572, 576, 562 S.E.2d 26, 30 (2002). Thus, "[t]he three essential elements of the offense described in [section] 14-208.9 are: (1) the defendant is a person required to register; (2) the defendant changes his or her address; and (3) the defendant fails to notify the last registering sheriff of the change of address within three business days of the change." *Barnett*, __ N.C. App. at __, 733 S.E.2d at 98.

Here, the indictment alleges that Defendant violated N.C. Gen. Stat. § 14-208.11A(2), but that statute makes it a felony to harbor or assist sex offenders who are required to register in evading registration as required by law. *See* N.C. Gen. Stat.

---

[2] This statute has been amended several times since the date of Defendant's alleged failure to register, but none of those amendments affected subsection (a) or the case law discussed in this opinion.

§ 14-208.11A (2013) (entitled "Duty to report noncompliance of a sex offender; penalty for failure to report in certain circumstances"). The judgment also misstates the relevant statute as section 14-208.11A(2). However, the language of the indictment clearly attempts to allege a violation of section 14-208.11(a)(2):

> The jurors for the State upon their oath present that on or about the 23rd day of November[] 2010[] in the county named above the defendant named above unlawfully, willfully and feloniously did as a person required by Article 27A of Chapter 14 of the North Carolina General Statutes to register, did move from his last registered address, 309 N. Main Street, Jefferson, North Carolina, without notifying the Ashe County Sheriff's Office within three days of his move from that address.

This language largely tracks the operative language of section 14-208.9(a), with two crucial exceptions: (1) it does not allege that Defendant failed to notify the ACSO in *writing*, and (2) it does not specify the time requirement as within three *business* days of his move to a new address. Each of these defects is fatal to the indictment.

The phrases "without notifying" and "within three days" are plainly not equivalent to the language used in section 14-208.9(a). Simply put, "notifying" is not the same thing as "provid[ing] written notice" because one can notify verbally as

well as in writing. *See Holmes*, 149 N.C. App. at 578, 562 S.E.2d at 31 (upholding the defendant's conviction where he called someone at the sheriff's department after moving). Here, Defendant admitted failing to give written notice and never alleged that he gave oral notice, instead contending that no notice was required because he did not move. However, the ambiguity in the wording employed *could* create confusion which would prejudice a defendant in preparing for trial. For example, a defendant indicted for moving "without notifying" the sheriff's office might prepare for trial by assembling evidence showing that he gave oral notice of his move, only to learn at trial that this evidence was utterly irrelevant.

Likewise, "within three days" is different from "not later than the third business day" since not every day is a business day. Thus, in preparing for trial, a defendant would believe the State could prevail by proving that three days had passed before he notified the sheriff's office of his move rather than the correct required showing that three *business* days had passed.

For these reasons, the indictment was insufficient to charge a violation of section 14-208.11(a)(2). Accordingly, we vacate the judgment entered upon Defendant's conviction and upon

his no contest plea to having attained the status of habitual felon. *See State v. Stevens*, 151 N.C. App. 561, 564, 566 S.E.2d 149, 151 (2002) (noting that where a felony conviction has been vacated, leaving no felony conviction to which the habitual felon indictment may attach, the habitual felon conviction must also be vacated).

VACATED.

Judges HUNTER, ROBERT C., and ERVIN concur.

Report per Rule 30(e).