Filed 11/25/14  P. v. Kohut CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JONATHAN JOSEPH KOHUT,<br><br>    Defendant and Appellant. | D065969<br><br><br><br>(Super. Ct. No. INF055931) |

APPEAL from a judgment of the Superior Court of Riverside County, Richard A. Erwood, Judge.  Reversed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General; Dane R. Gillette and Julie L. Garland, Assistant Attorneys General; Charles C. Ragland and Parag Agrawal, Deputy Attorneys General, for Plaintiff and Respondent.

In 2012, appellant Jonathan Joseph Kohut pleaded guilty to forced oral copulation (Pen. Code,[1] § 288a, subd. (c)(2), count 1) and forced sodomy (§ 286, subd. (c)(2), count 2). Kohut admitted a burglary enhancement on count 1 (§ 667.61, subd. (e)(2)). In exchange, the People dismissed counts of forced sexual intercourse (§ 261, subd. (a)(2), count 3), forced oral copulation (§ 288a, subd. (c)(2), count 4), and burglary and gun enhancements on each count (§ 667.61, subds. (e)(2) & (e)(4)). The court sentenced Kohut to an indeterminate term of 15 years to life on count 1 and an eight-year concurrent term on count 2.

Kohut contends that a condition of his guilty plea was that he be permitted to retain his appeal rights and, therefore, he should be allowed to withdraw his guilty plea because of his reliance on that condition. Relying on *California v. Trombetta* (1984) 467 U.S. 479 (*Trombetta*), Kohut further contends the court abused its discretion when it refused to impose sanctions based on the Riverside County Sheriff Department's failure to preserve allegedly exculpatory evidence. In light of the trial court's review of sheriff department reports and its finding there was no relevant third party culpability evidence, Kohut requests we independently review the same reports. We reverse the judgment because we conclude he was induced to plead guilty by the promise of an illusory right to appeal.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

2

FACTUAL AND PROCEDURAL HISTORY

The facts regarding the sexual assault are taken from a 2006 sheriff department interview with victim Jane Doe and the preliminary hearing transcript. In 1996, Doe awakened to find a stranger in her bedroom. The man jumped on top of her, pinned her to the bed, put a pillow over her face and told her to stop screaming or he was going to kill her. The man shoved a blunt object, which Doe believed was a gun, under Doe's jawbone and on her neck. He sat on Doe's chest with his knees pinning her shoulders. He then forced Doe to orally copulate him, forcibly raped and sodomized her, and again forced her to orally copulate him. He ejaculated on Doe's face and neck. He put Doe in a closet, took her purse and left.

A sexual assault response team (SART) nurse took samples of semen from Doe's body. Doe reported her neck was bruised from the blunt object. The SART nurse and a forensic technician photographed Doe's body.

In August 2006, Deputy Robert Nagles and Sergeant Herman Lopez of the Riverside County Sheriff Department learned from federal law enforcement authorities that Kohut's blood and saliva samples matched the DNA from the semen found during the SART exam.

In December 2006, Deputy Nagles and Sergeant Lopez interviewed Kohut, telling him about the DNA results. He started to cry, said he was sorry for what he had done and asked the deputies to apologize to Doe for him. Kohut added something to the effect that, "The poor lady didn't deserve that."

At sentencing, the following exchange between the court and counsel took place:

3

"[Prosecutor]: [S]o there is an okay in this case to go ahead and not have the issue with regard to the waiver of the right to appeal. [Kohut] doesn't have to waive it.

"The Court: Oh, so you're saying that we have a disposition?

" [Prosecutor]: I'm saying we have a disposition.

"The Court: Okay.

"[Defense Counsel]: This isn't another shoe dropping because I don't think there will be a problem. He'd like immediate sentencing."

Kohut signed the felony plea form stating, "As part of this plea, I do not waive any right to appeal that I may have."

DISCUSSION

I.

*Kohut's Plea Should Be Vacated Because It Was Improperly Induced*

Kohut contends that his guilty plea was improperly induced by the court permitting him to pursue this appeal.

"[T]he trial court's acquiescence in a defendant's expressed intention to appeal is wholly ineffective to confer jurisdiction on the appellate court if the issue proposed to be raised is in fact not cognizable on appeal." (*People v. Hernandez* (1992) 6 Cal.App.4th 1355, 1361.) Thus, it is improper for a trial court to approve a "plea bargain purporting to provide the otherwise illusory right of appeal" and "[t]he resulting failure to properly advise the defendant of the consequences of his conditional plea render[s] the plea bargain itself procedurally defective." (*People v. Lee* (1980) 100 Cal.App.3d 715, 718 [plea bargain conditioned on right to appeal denial of speedy trial was fatally defective,

4

entitling defendant to withdraw guilty plea].)  Issues cognizable on an appeal following a guilty plea are limited to issues based on "reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" resulting in the plea.  (§ 1237.5, subd. (a); see also *People v. DeVaughn* (1977) 18 Cal.3d 889, 896 (*DeVaughn*); *People v. Ribero* (1971) 4 Cal.3d 55, 60-64.)  Issuance of a certificate of probable cause "cannot expand the scope of review to include a noncognizable issue."  (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1178.)

A defendant may raise on appeal a claim that his plea was invalid because the court induced him to preserve for appeal an issue that was not appealable.  In such an instance, the judgment must be reversed because the inducement to plead guilty was a misrepresentation of a fundamental nature.  (*DeVaughn*, *supra*, 18 Cal.3d at p. 896.)

Here, the People represented to the court that Kohut was not required to waive his right to appeal.  The court acquiesced in the People and Kohut's agreement that was memorialized in Kohut's plea form specifically stating he did not waive any right to pursue an appeal.  The court also issued a certificate of probable cause permitting Kohut to appeal.[2]  Thus, the promise from the court was illusory and an improper inducement that voids Kohut's plea.  (See *DeVaughn*, *supra*, 18 Cal.3d at p. 896.)

---

2      In the certificate of probable cause, Kohut argued the grounds for appeal as follows:  "Prosecution exceeded the Statute of Limitations per [*Stogner v. California* (2003) 539 U.S. 607].  Due process was denied by the failure of prosecution and court to turn over exonerating evidence, to wit: [*Brady v. Maryland* (1963) 373 U.S. 83].  Due process and fair trial were denied by court disallowing a third party culpability defense. [(*State v. Holmes* (N.C.App. 2002) 562 S.E.2d 26.)]  Due process was denied by prosecution's destruction of evidence."

We are not persuaded by the People's reliance on *People v. Hernandez, supra*, 6 Cal.App.4th 1355, in which the court of appeal concluded the record contained "no representation by the court that an appeal would be permitted, nor any understanding that defendant's plea was conditioned upon such an assumption." (*Id.* at pp. 1360-1361, fn. omitted.) By contrast, here, the prosecutor informed the court of the condition of Kohut's plea, and it accepted Kohut's plea form that explicitly stated Kohut did not waive his right to appeal.

Kohut should be given an opportunity to reevaluate his guilty plea and withdraw that plea and proceed to trial if he so desires. (*People v. Bonwit* (1985) 173 Cal.App.3d 828, 833, citing *People v. Hill* (1974) 12 Cal.3d 731, 769, overruled on other grounds in *DeVaughn, supra*, 18 Cal.3d at p. 896, fn. 5.)

## II.

### *The Court Did Not Err in Finding No Bad Faith*

In the event Kohut decides to go to trial, we offer guidance on an issue likely to arise.

At the start of trial, Kohut moved in limine, seeking "[an Evidence Code section] 402 hearing be conducted on the whereabouts of photographs and negatives which have allegedly disappeared in support of a remedy barring secondary evidence of the items intended to be depicted by said photography." Jennifer Jernegan, a sheriff department forensic technician, testified the photographs had been stored with evidence from other cases in cardboard boxes on the floor of a storage facility connected to the sheriff department's station. Jernegan further testified that in either 2005 or 2006, a flood

6

destroyed the evidence in this case and other cases. Afterwards, support staff disposed of the photographs without knowing their evidentiary value.

The court provisionally denied Kohut's motion to exclude secondary evidence regarding the photographs, ruling, "Basically, what [Jernegan] testified to is that some support staff were directed to get rid of anything that was damaged, and they threw out items that they didn't realize until after they were thrown out that they were items of evidence. And she's gone through the computer attempting to see whether or not the photographs were entered into the computer . . . . [¶] There is no documentation as to what, in fact, the support staff threw out, but what's required is a showing of bad faith that they would realize that this was evidence, and they threw it out. And they did so with the intent to deprive a defendant of due process, and that hasn't been shown. So I'm going to deny your motion at this time. If you find out that there are digital photographs somewhere that were destroyed, then you can revisit it."

Kohut argues that the destruction of evidence violated his right to due process of law protected by the Fourteenth Amendment. Further, Kohut argues he is entitled to relief because the sheriff department's inability to preserve the evidence constituted at least gross negligence, which amounts to bad faith.

*Applicable Law*

The standards for law enforcement's duty to preserve evidence under the due process clause of the Fourteenth Amendment are well established. Law enforcement must preserve evidence "that might be expected to play a significant role in the suspect's defense." (*Trombetta*, *supra*, 467 U.S. at p. 488.) However, that duty applies "only if

7

[the evidence] possesses exculpatory value 'apparent before [it] was destroyed,' and not obtainable 'by other reasonably available means.' " (*People v. DePriest* (2007) 42 Cal.4th 1, 41 (*DePriest*).)  The state's responsibility is further limited when the defendant challenges the failure to preserve evidence " 'of which no more can be said than that it could have been subjected to tests' " that might have helped the defense.  (*Arizona v. Youngblood* (1988) 488 U.S. 51, 57 (*Youngblood*).)

If the evidence is only potentially exculpatory, the defendant must show that law enforcement acted in bad faith when destroying it.  (*Youngblood*, *supra*, 488 U.S. at pp. 57-58.)  Without bad faith, law enforcement's inability to preserve potentially exculpatory evidence does not violate a defendant's due process rights.  (*Id.* at p. 58.)

In *Youngblood*, the court rejected a defendant's due process claim on analogous facts.  The defendant in *Youngblood* argued that the police failed to properly refrigerate evidence.  (*Youngblood*, *supra*, 433 U.S. at p. 55.)  The defendant further argued this failure prevented the defendant from testing the evidence to determine whether the evidence was exculpatory.  (*Ibid*.)  The court in *Youngblood* rejected the defendant's argument for two reasons.  First, " 'the officers here were acting in "good faith and in accord with their normal practice." ' "  (*Youngblood*, *supra*, 433 U.S. at p. 56, citing *Trombetta*, *supra*, 467 U.S. at p. 488.)  Second, the court noted, "the failure of the police to refrigerate the clothing and to perform tests on the semen samples can at worst be described as negligent."  (*Youngblood*, at p. 58.)

Kohut has not shown the photographs had exculpatory value *known* to the sheriff department when they were destroyed in the flood.  Kohut also does not show how the

8

photographs might have benefited his defense.  (See *Trombetta*, *supra*, 467 U.S. at p. 488; see also *DePriest*, *supra*, 42 Cal.4th at p. 41.)

Kohut did not demonstrate the sheriff department acted in bad faith.  Rather, the record shows the department's normal practice was to store all evidence in boxes on the floor and not just the photographic evidence of Doe.  Like the police in *Youngblood*, at most, the sheriff department's storage of the photographic evidence could be described as merely negligent.  (See *Youngblood*, *supra*, 433 U.S. at p. 58.)  Further, the flood was an act of nature not attributable to law enforcement misdeeds.  We conclude the sheriff department did not act in bad faith by storing the photographs on the storage facility floor.

In light of our disposition of this case, we need not address Kohut's contention regarding the trial court's review of law enforcement records.

DISPOSITION

The judgment is reversed and the cause remanded to the Superior Court. If Kohut files a motion to withdraw his guilty plea within 30 days after the finality of this opinion, the Superior Court is directed to vacate the guilty plea. If no motion is filed within that period, the court is directed to reinstate the judgment.


O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

HALLER, J.