HUNTER, JR., ROBERT N., JUDGE, Dissenting.
The North Carolina Constitution provides "no person shall be put to answer any criminal charge but by indictment, presentment, or impeachment." N.C. Const. art. I, § 22.
It is well settled that a valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony. Lack of jurisdiction in the trial court due to a fatally defective indictment requires the appellate court to arrest judgment or vacate any order entered without authority.
State v. Barnett, 223 N.C.App. 65, 68, 733 S.E.2d 95, 97-98 (2012) (internal citations and quotation marks omitted). In order to be valid and thus confer jurisdiction upon the trial court, "[a]n indictment charging a statutory offense must allege all of the essential elements of the offense." State v. Snyder, 343 N.C. 61, 65, 468 S.E.2d 221, 224 (1996) (citation omitted). In the 1800s, our Supreme Court required near identical language in the indictment as in the statutory offense. For example, the Supreme Court held "the use of the word in the singular will not do, when it should be in the plural." State v. Sandy, 25 N.C. 570, 575, 3 Ired. 570, 575 (1843). Today, pleading requirements for criminal indictments are more relaxed: "The general rule in this State and elsewhere is that an indictment for a statutory offense is sufficient, if the offense is charged in the words of the statute, either literally or substantially, or in equivalent words." State v. Greer, 238 N.C. 325, 328, 77 S.E.2d 917, 920 (1953).
Here, Defendant was indicted for the statutory offense of failure to report a change of address as a sex offender in violation of N.C. Gen.Stat. § 14-208.11(a)(2). The statute provides any person required to register as a sex offender is guilty of a Class F felony if he "[f]ails to notify the last registering sheriff of a change of address as required by this Article." N.C. Gen.Stat. § 14-208.11(a)(2) (2014). N.C. Gen.Stat. § 14-208.9 dictates the procedure for effectuating a proper change of address with the sheriff. N.C. Gen.Stat. § 14-208.9(a) provides: "If a person required to register changes address, the person shall report in person and provide written notice of the new address not later than the third business day after the change to the sheriff of the county with whom the person had last registered." N.C. Gen.Stat. § 14-208.9(a) (2014) (emphasis added). Thus, *201 this Court has held the three essential elements of this statutory offense are: "(1) the defendant is a person required to register; (2) the defendant changes his or her address; and (3) the defendant fails to notify the last registering sheriff of the change of address within three business days of the change." Barnett, 223 N.C.App. at 69, 733 S.E.2d at 98.
The indictment in this case neither literally nor substantially charged Defendant with the words of the statute. Instead, the indictment charged Defendant with language that is substantially different than the words of the statute-"three days" as opposed to three business days. I am persuaded here by the reasoning of this Court in the unpublished case State v. Osborne, ---N.C.App. ----, 763 S.E.2d 16, COA13-1372, 2014 WL 2993855 (N.C.Ct.App. July 1, 2014). In Osborne, we held the indictment was insufficient to charge a violation of N.C. Gen.Stat. § 14-208.11(a)(2) because it used the phrases "without notifying" and "within three days." Id. at *3. This language was insufficient to confer jurisdiction in the trial court because the indictment: (1) did not allege a lack of written notice, and (2) alleged a three-day time period rather than a three-business -day time period, as required by the statute. Id. This Court concluded "not every day is a business day. Thus, in preparing for trial, a defendant would believe the State could prevail by proving that three days had passed before he notified the sheriff's office of his move rather than the correct required showing that three business days had passed." Id. I find this reasoning persuasive.
Furthermore, the majority's reliance on this Court's holding in Leaks is misplaced. The majority opinion states "our Court has *880 expressly declined to follow Osborne in Leaks. " The Leaks Court declined to follow Osborne only with regard to the "written notice" requirement. State v. Leaks, --- N.C.App. ----, ----, 771 S.E.2d 795, 797-98 (2015). The "three business days" element of the indictment was not at issue in Leaks, as the defendant was properly charged by the precise language of the statute: "by failing to notify the Forsyth County Sheriff's Office of his change of address with in [sic] three business days after moving from his last registered address." Id. at ----, 771 S.E.2d at 798. Thus, Leaks is inapposite.
Because I would hold the indictment here contained a fatal variance, and thus jurisdiction was never conferred in the trial court, I do not address the remaining issues on appeal. I would vacate the judgment entered upon Defendant's conviction.